JACOB KAMER, APPELLANT, *v.* CLATSOP COUNTY, RESPONDENT.

COUNTY COURT—LOCATION OF ROADS—ORDER DENYING NOT A BAR.—An order of the county court denying the petition for the location of a road is not conclusive. Such an order is not a bar to a subsequent proceeding to establish a road over the same route.

HOUSEHOLDERS—ROAD LAW.—Unmarried men may be householders within the meaning of section 2, title I, chapter 50, of the miscellaneous laws relating to the location of roads.

SPECIAL TERM—COUNTY COURT MAY APPOINT.—Under sections 865 and 872 of the civil code, the county court may appoint special terms, at which any business may be transacted, the same as at the regular terms fixed by the statute.

APPEAL from Clatsop County.

This is an appeal from the judgment of the Circuit court upon a writ of review taken from proceedings of the county court of Clatsop county, in relation to the laying out of a county road.

At a regular term of the county court a petition was presented for a road across the lands of the appellant. Viewers and a surveyor were appointed, who proceeded to locate the proposed road, and who, at the July term following, reported in favor of establishing the same. At such July term, the appellant having filed his petition for damages, viewers were appointed to assess the damages. These viewers reported at the September term, awarding damages in the sum of five hundred dollars. No further order was made until the April term, 1877, when the court ordered in effect that such proposed road be not established.

In the meantime, and two days before the order last referred to was made, a second petition was presented. To this petition objection was formally made that it was not signed by twelve householders, a portion of such petitioners being men .without families. Upon this second petition viewers and a surveyor were appointed to locate the proposed road, and a special term of the court appointed for April 17, to hear them report. At such special term, such viewers having reported in favor of the road, and the appellant having filed his petition for damages, viewers to assess damages were appointed, and a special term of the court appointed to receive their report. At such second special term an order was made establishing the road.

*Dolph, Bronaugh, Dolph & Simon,* for the appellant.

*Raleigh Stott, Prosecuting Attorney,* for the respondent.

By the Court, McARTHUR, J.:

Upon the facts set forth three points are presented for our consideration by appellant's counsel. First, that the court below erred in entertaining the second petition while the first one was pending, and in proceeding upon said second petition after ordering and adjudging upon the first petition that the road be not established. Second, that bachelors without families are not qualified petitioners for a road, and consequently there was not a sufficient number of qualified petitioners upon the first petition. Third, that said court had no power to call a special term, held April 17, to hear the report of the viewers, and no power to call a special term of said court of May 1, at which the road in question was ordered opened at a called term, and the proceedings of said court at said terms were irregular.

We will consider the objections in the order in which they were presented. And in answer to the question arising upon the first allegation of error, we need only remark that there is nothing in any provision of our statutes that imparts to an order denying the prayer of the petitioners for a road, the conclusiveness of a judicial decision when rendered in an action, suit or proceeding between contend-

ing parties asserting rights or seeking redress for wrongs. Roads are matters of public concern and convenience, and the necessity of convenience thereof should always be looked to by the county court before one is established. What may seem to be unnecessary and inconvenient at one time may at some subsequent time be manifestly both necessary and convenient. If we were to adopt the views of appellant's counsel, we would infringe upon the jurisdiction of the county court. We would wrest from it so much of its discretion in road matters as would seriously embarrass it in responding to the lawful desires of the people. We are of opinion that where the county court dismisses a proceeding by which it has been sought to establish a road, the order of dismissal is not a bar to a subsequent proceeding to establish a road over the same route.

Upon the second point it appears that several of the petitioners were unmarried men, who, in the language of the transcript, "kept houses and servants." We are of opinion that they were householders within the meaning of the term as used in section 2, title 1, chapter 50. It must be borne in mind that the act providing a method for establishing roads was passed eighteen years ago, when in many parts of the state the only "settlers" were single men. It is not to be presumed that it was intended to disfranchise them in so important a matter. They were evidently regarded as householders by the legislature and by the people generally, and in adopting the construction we have given the word, we follow the law as laid down by Blackstone, that courts in construing the meaning of words used in a statute should always give them that construction and meaning which they had in general use among the people for whom the statute was enacted, and with the legislators who enacted the law.

Upon the third point we are of opinion that the county court had a right to hold the terms objected to by appellant. The order for the term beginning April 17, was made and entered in the journal on the fifth day of the preceding regular term, and at times so ordered any business may be

transacted as if the same were appointed by law. (Civil Code, sec. 865.)

Being invested with such power and authority, the general order made at the term beginning April 17, for a term to begin May 1, 1877, was legal.

Judgment affirmed.