Argued February 16; reversed March 23, 1943

STEELHAMMER ET AL. *v.* CLACKAMAS
COUNTY ET AL.

(135 P. (2d) 292)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY and BRAND, Associate Justices.

*Custer E. Ross,* of Salem, and *Glenn R. Jack,* of Oregon City, for appellants.

*Fred A. Miller,* District Attorney, of Oregon City, for respondents.

KELLY, J. On September 12, 1939, the county court of Clackamas county made and entered an order establishing a road designated as Gawley Creek Road No. 2134. Thereafter, a petition for a writ of review was allowed by the circuit court of said county and subsequently the matter came on for hearing before said circuit court, Hon. Louis P. Hewitt, judge presiding. On June 8, 1940, Judge Hewitt entered his.

judgment on review, which, *inter alia*, recites that the court

"being now fully advised is of the opinion that said County Court of Clackamas County, Oregon, in said proceeding in the exercise of jurisdiction did exceed its jurisdiction and did exercise such jurisdiction erroneously to the injury of substantial rights of plaintiffs."

This recital is followed by an order and adjudication that the judgment made September 12, 1939, as above stated, be and the same is in all things annulled, reversed, set aside and held for naught. No appeal was taken from this judgment.

Thereafter, on April 2, 1941, said Clackamas County court adopted a resolution, numbered 2195, declaring its intention to establish a road designated as Upper Molalla Road No. 2195. After hearing remonstrances and testimony thereupon, said county court overruled said remonstrances and on May 19, 1941, said county court ordered the establishment of said Upper Molalla Road No. 2195.

On May 21, 1941, petitioners and appellants herein filed in the circuit court of Clackamas county their petition for a writ of review and on said May 21, 1941, a writ of review was issued and directed to defendants. On June 18, 1941, an amended petition for writ of review was filed. On November 25, 1941, the said circuit court of Clackamas county, Hon. James W. Crawford, judge presiding, denied defendants' motion to quash said amended petition and thereafter the matter proceeded to trial on its merits.

On April 3, 1942, the order from which this appeal has been taken was made and entered by the circuit court of said Clackamas county and state of Oregon.

Omitting the title, the preliminary paragraph, the date and the signature of the judge, said last mentioned order is as follows:

"It is Ordered and Adjudged that the Order Establishing In the Matter of the Establishment of a County Road in Sections 14, 15, 16, 17, 18 and 20, in Township 7 South, of Range 3 East of the W. M., to be known as Upper Molalla Road, No. 3195, [sic] made by the County Court of Clackamas County, Oregon, May 19, 1941, and entered in the County Commissioners Journal of said Court No. 36, at Pages 642 and 643, be and the same hereby is modified so as to include the following provision:

'It is Further Ordered that the uses now enjoyed by the Oregon State Board of Forestry in the right-of-way under that certain Easement recorded in Miscellaneous Records of Clackamas County, Oregon, Book 14, Page 507, which right-of-way is included in said Upper Molalla Road No. 2195, be and the same hereby are preserved to said Board of Forestry.'

It is Further Ordered and Adjudged that said County Court be and it hereby is directed to modify said order by including therein the foregoing provision in accordance herewith.

It is Further Ordered and Adjudged that, as modified, the Proceedings of the County Court of Clackamas County, Oregon, In the Matter of the Establishment of a County Road in Section 14, 15, 16, 17, 18 and 20, in Township 7 South, Range 3 East of the W. M., to be known as Upper Molalla Road No. 2195, be and the same hereby are in all things affirmed.

It is Further Ordered and Adjudged that defendants do have and recover of and from plaintiffs their costs and disbursements herein taxed and allowed at $ ———.''

Counsel for petitioners contend that an order made and entered on June 8, 1940, by the circuit court of Clackamas county, in a proceeding by writ of review,

wherein and whereby a judgment and order of the county court of said county made and entered on September 12, 1939, was in all things annulled, reversed, set aside and held for naught, constitutes *res judicata* with respect to the validity of the order in suit which was made and entered on May 19, 1941, by the county court of Clackamas county; and, by reason thereof, said county court ought not now be permitted to allege or claim that said order of May 19, 1941, had or has any validity, force or effect.

The order of September 12, 1939, purported to establish a county road termed Gawley Creek Road No. 2134. This order was based upon a resolution adopted on July 5, 1939, by the county court of Clackamas county declaring said court's intention to locate and establish a road beginning approximately one and one-half miles westerly from the Gawley Creek bridge, thence crossing this bridge and a bridge over the Molalla river, thence following a C. C. C. road as constructed in part on and over land belonging to the state and used by the State Forestry Department as a fire warden's station and thence to a terminal point near the middle fork of the Molalla river.

The opinion of the circuit judge, who made the order of June 8, 1940, annulling the order of the county court on September 12, 1939, discloses that said order of annulment was based upon three grounds: First, because the state being the owner of an easement over which said proposed road would have been established, had not been made a party; second, because no express consent had been given by the state and the property already being devoted to a public use, proceedings could not be maintained against the state; and, third, even if proceedings could be maintained against the state, notice of the proceedings in the county

court, having been served upon the State Forester, as the only representative of the state so served, such service would not confer jurisdiction over the state.

On April 3, 1941, the present proceeding was instituted by the county court of Clackamas county adopting a resolution declaring said court's intention to locate and establish a road to be designated as Upper Molalla Road No. 2195, the beginning point of which is 247.7 feet westerly from the beginning point of the proposed Gawley Creek Road No. 2134, the course then proposed in the present proceeding follows practically the same right of way as in the Gawley Creek road proceeding to a point one eighth of a mile westerly from the fire warden's station land, thence easterly passing this land but not going on or over it and thence northerly and easterly to a point 0.7 of a mile beyond the terminus of the proposed Gawley Creek road.

It will be noted that the proposed road sought to be established in the present proceeding is longer than the proposed Gawley Creek Road No. 2134 by 0.7 of a mile on the easterly or terminal course and by 247.7 feet westerly at the initial course.

> "It is sometimes provided by statute that a decision refusing to lay out a highway shall be conclusive for a certain length of time. Former proceedings which have failed by reason of informalities or delay are not within the statute. The statute cannot be evaded by slight changes in the new application. In the absence of such a statute, the authorities are conflicting as to the effect of an adverse judgment in former proceedings as a bar to a new application. In Connecticut it is held that the doctrine of *res judicata* applies as in other cases." Vol. 2., Lewis Eminent Domain, (3d Ed.) p. 1069, § 605.

■ *Kamer v. Clatsop County,* 6 Or. 238, is there cited as holding that the doctrine of *res judicata* does

not apply. In that case, we find the following statement:

"And in answer to the question arising upon the first allegation of error, [entertaining a second petition while the first petition was pending] we need only remark that there is nothing in any provision of our statutes that imparts to an order denying the prayer of petitioners for a road, the conclusiveness of a judicial decision when rendered in an action, suit or proceeding between contending parties asserting rights or seeking redress for wrongs. Roads are matters of public concern and convenience, and the necessity or convenience thereof should always be looked to by the county court before one is established. What may seem to be unnecessary and inconvenient at one time may at some subsequent time be manifestly both necessary and convenient. If we were to adopt the views of appellant's counsel, we would infringe upon the jurisdiction of the county court. We would wrest ·from it so much of its discretion in road matters as would seriously embarrass it in responding to the lawful desires of the people. We are of opinion that where the county court dismisses a proceeding by which it has been sought to establish a road, the order of dismissal is not a bar to a subsequent proceeding to establish a road over the same route." *Kamer v. Clatsop County,* supra.

The proceedings involved in the instant case were instituted by resolution of the county court. In *Kamer v. Clatsop County,* supra, the proceedings were instituted by petitions. The order of annulment in the case involving Gawley Creek Road No. 2134 was made on review by the circuit court. In the Kamer case, the dismissal of the first proceeding was made by the county court. Despite these dissimilarities, we think the principle announced by this court in the Kamer case is applicable to the facts before us now.

██ Upon the question of jurisdiction of the circuit court to review the proceeding in the county court, there can be no doubt that such jurisdiction is plenary. If the same parties and issues were before us in the instant case as those which were before the circuit court in the first proceeding, we would hold that the order of the circuit court, declaring that the county court had no jurisdiction, was *res judicata*; but, as above stated, the issues are not the same in the pending proceeding as those presented in the first proceeding. We find nothing in the circuit court's opinion, or in its order of annulment in the first proceeding, holding that, by virtue of the contracts or agreements made by the property owners with the State Board of Forestry granting to said board an easement upon the right of way of the proposed road in consideration of the maintenance by the board of a gate under lock and key across such right of way at a point near the Gawley Creek bridge, the State of Oregon thereby became and is the owner of such an interest and estate in the proposed right of way, that the state is a necessary party to the proceeding instituted to establish a county road thereupon. We think that is the basis upon which the controlling issue rests in the present proceeding. The controlling issue before us is whether jurisdiction can be secured by the county court over the state in the proceeding under review. For these reasons, we hold the doctrine of *res judicata* is not applicable.

Petitioners also contend that, because the State Board of Forestry is an agency of the state, the easement granted to said board in effect became the property of the state; that the county court has no authority to condemn the interest in said property owned by the state, and, in attempting to do so, the county

court exceeded its jurisdiction and exercised the same erroneously to the prejudice of petitioners.

The findings of fact rendered by Judge Crawford in the instant proceeding, *inter alia,* set forth the following facts:

"That the State of Oregon, acting by the Oregon State Board of Forestry, was the record owner of a right of way as shown by the records of Clackamas County, Oregon, in Miscellaneous Deed Records, Book 14, Page 507, Clackamas County, Oregon.

That said road [Gawley Creek Road No. 2134] was also located on and over portions of land of various property owners who, in 1936 had granted to the Oregon State Board of Forestry an easement and right-of-way, specifically providing in part:

The said right-of-way hereby granted is for the maintenance and full, free and quiet use and enjoyment by the Oregon State Board of Forestry as a road for forestry protection purposes only ten to sixteen feet in width  *  *  *  and this easement is further conditioned upon the permittee maintaining at all times a gate, together with a suitable lock therefor, on or near the western boundary of the above described property, so that the use of said road east of said gate may be confined to that of the permittee as herein provided, to that of the permittor, and to that of all other property owners who shall have granted to said Board of Forestry an easement or easements for said road or any extension thereof similar to this one on property east of said gate. This permit shall be effective only so long as said easement shall be actually used for any of the purposes above specified, but all rights hereunder shall revert to the permittor as soon as said use thereof shall be abandoned and discontinued.  *  *  *

That the Oregon State Board of Forestry had entered upon the use and enjoyment of said ease-

ment and had up to the time of said road proceeding, [Gawley road proceeding] expended some $5,000.00 in developing and maintaining the right of way under said easement; that the gate required by the terms of said easement had been established and maintained by the State Board of Forestry; and that said road as located and established followed said easement for its full distance and necessitated a removal of the gate referred to therein.''

Finding of fact number twenty-three in the present proceeding is as follows:

"XXIII

That the Oregon State Board of Forestry still has the use and enjoyment of the easement referred to in the proposed Gawley Creek Road No. 2134 and still maintains the gate required thereby, and that the location and establishment of the present Upper Molalla Road No. 2195 will necessitate the removal of said gate.''

Counsel for defendants do not argue that the Oregon State Board of Forestry is not an agency of the state. We think that the easement in question is in fact the property of the state.

"As a sovereign is not subject to the jurisdiction of the court unless it has consented to the exercise of jurisdiction over it, so the property of a sovereign is not subject to the jurisdiction of the court without its consent. Neither a proceeding in personam nor a proceeding in rem or quasi in rem can be maintained against a state without its consent." Restatement of the Law Judgments, p. 132, § 32-j.

"Although there is now no question that the legislature has the power to authorize the taking of land devoted to one public use for a different public use, such a taking cannot be made under a general delegation of the power of eminent domain from the legislature, unless it can be clearly inferred from the nature and situation of the proposed

work, and from the impracticability of constructing it without encroaching on land already used by the public, that the legislature intended to authorize such property to be taken, and the same is true of property owned or held by the state even though not devoted to any public use.'' Vol. 2, Nichols on Eminent Domain (2d Ed.) pp. 995-7, Sec. 361.

"In general ordinary statutes do not apply to the state. Thus, for example, the statute providing for the condemnation of property for public use is applicable only to privately owned property, and not to property owned by the state.'' 42 A. L. R., Suit Against State—Consent. p. 1465.

We find no provision of the statute expressly authorizing the condemnation for county road purposes of property owned by the state. The procedure prescribed in the matter of establishing a county road contains nothing from which it can be inferred that the county court has jurisdiction to condemn property owned by the state without the state's consent.

■ This leads to a consideration of the nature of the right held by the state by virtue of the grant to the State Board of Forestry of the easements above mentioned.

"Since an easement is an incorporeal hereditament, it is not capable of seisin, it lies in grant, not in seisin. However, while it is a right distinct from the ownershp of land, it is more than a mere personal privilege; it is an interest in land.'' 17 Am. Jur., Easements, p. 925, § 3, citing *inter alia, Tusi v. Jacobsen,* 134 Or. 505, 293 P. 587, 939, 71 A. L. R. 1364, and *Shaw v. Proffitt,* 57 Or. 192, 109 P. 584, 110 P. 1092, Ann. Cas. 1913A, 63.

■ No further citation of authority is needed to show that the state's interest is an interest in land and the fact that $5,000 has been paid by the state in improving its right of way refutes any suggestion that the

interest held by the state is merely trivial and inconsequential.

The question before us is not whether this interest of the state may become subject to the right of eminent domain. The question is whether the county court of Clackamas county had jurisdiction by the exercise of which it could legally decide that issue.

■ As stated, we find no statute expressly giving to the county court such jurisdiction, nor do we find any statutory provision from which it may be reasonably inferred that it was the intention of the legislature to grant such jurisdiction to that court.

■ It is needless to add that, if the county court was without jurisdiction to condemn the state's property, the circuit court was also without any such jurisdiction in this proceeding.

It is manifest that, despite the modification of the trial court's final order, as made by the circuit court, the interest of the state, being dependent upon the continuing maintenance of the gate mentioned in order that the easement would not become open to the public, the final order from which this appeal has been taken would, if affirmed, have the effect of destroying the right granted to the State Board of Forestry in the right of way in suit.

We have no more right to pass upon the propriety or impropriety of such a course than the county or circuit court had. We deem it the proper subject for legislative action or mutual agreement.

Because the county court exceeded its jurisdiction and exercised its jurisdiction erroneously, the judgment of the circuit court is reversed and the order establishing the road designated herein as Upper Molalla Road No. 2195 is hereby vacated, set aside and annulled.