Argued October 8, affirmed December 18, 1975

BRAAT, *Respondent, v.* AYLETT ET UX,
*Appellants.*

543 P2d 1071

*Roy Kilpatrick,* John Day, argued the cause and
filed a brief for appellants.

*Arnold Braat,* Boardman, respondent, *in propria
persona.*

Before O'CONNELL, Chief Justice, and McALLISTER,
DENECKE, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

Petitioner applied for a statutory way of neces-
sity under ORS 376.105. The county court granted
the way, and the landowners appealed to the circuit
court which also granted the way.

We have examined the file and read the trans-

cript of the testimony taken in the circuit court. We approve and adopt the following opinion of the circuit court:

"Arnold Braat petitioned the County Court of Morrow County to establish a way of necessity adjacent to the railroad right of way across property owned by J. W. Aylett and Juanita Aylett in order that he might reach a landlocked 49.81 acre tract owned by him. The property was purchased by the petitioner in 1971 for $150 per acre as part of an 80½ acre acquisition.

"After the report of the reviewers was filed, the Morrow County Court granted a 30 foot right of way paralleling the railroad right of way, allowed damages to the Ayletts in the amount of $300 per acre for three acres, and $750 for fencing. Appeal was filed by the Ayletts to the Circuit Court.

"The sole contention of the Appellants is that the petitioner does not qualify for a way of necessity, as the property which is sought to be served by the way of necessity does not contain a residence nor can it be classified as a farm.

"ORS 376.105 provides:

" 'Whenever it appears to any county court by the sworn petition of any person that the farm or residence of such person is not reached conveniently by any public road provided by law, and that it is necessary that the public and such person have ingress to and egress from the farm or residence of such person the county court shall:' (Underscoring supplied)

take such steps to establish such right of way.

"The evidence was uncontested that the 49.81 acres sought to be served by the way of necessity is now in sagebrush and was first used for grazing for

three months commencing in March 1974. Testimony also disclosed that the same tenant who utilized the property in 1974 wishes to rent it for approximately the same period of time in 1975. The remainder of the 80.58 acre purchase which is located on the south side of the freeway has access by a service road and has been fully developed into productive farm land, a well having been drilled and irrigation equipment installed.

"The cases disclose that a 'farm' is generally defined as a body of land under one ownership devoted to agriculture, either to the raising of crops or pasture, or to the rearing of animals or both. In SIAC v. EGGIMAN, 172 Or. 19, at page 25, [139 P2d 565 (1943),] the Supreme Court noted that the legislature had further extended the definition of 'farming' in the Workmen's Compensation Law to include 'land clearing, * * * wood sawing, wood cutting, * * *'. (Underscoring supplied)

"Although the land surrounding this isolated parcel and the remainder of the tract purchased by petitioner is fully devoted to cultivation, the petitioner has been unable to clear and utilize this isolated piece because of lack of ingress and egress. The Ayletts contend that since it is not cultivated or farmed nor has a residence upon it, it does [not] qualify for the granting of a way of necessity across their property.

"This argument is fallacious. To accept the contention that property not cultivated due to lack of access to it to do the work would be to accept the principle that vast areas of landlocked property of the State of Oregon must forever remain unproductive. This concept is contrary to the public policy of encouraging the beneficial use of all of Oregon's resources.

"That portion of the Order of the County

Court in granting a 2497.5 foot right of way 30 feet wide in section 21, T 4 N, R 27 E.W.M. adjacent to the south right of way of the U. P. Railroad is affirmed. The remainder of the order is reversed. This 2497.5 right of way takes 1.72 acres for which the Ayletts should be compensated at the rate of $300 per acre, for a total of $516. The viewing committee allowed $750 for the fencing of ¾ of a mile of right of way, or approximately 19 cents per foot. Applying that cost to the 2497.5 right of way allowed by this court would fix the additional cost for fencing at approximately $475.00. Upon payment to the County Clerk of $991 for the credit of the Ayletts, petitioner will be granted a 2497.5 foot way of necessity, 30 feet wide in section 21, T 4 N, R 27 E.W.M. adjacent to this railroad right of way."

Affirmed.