BRAAT, *Respondent,*
*v.*
AYLETT et ux, *Appellants.*
(No. 5475, SC P-2505)
564 P2d 1030

Milo Pope, Milton-Freewater, and Roy Kilpatrick, Mt. Vernon, argued the cause and filed a brief for appellants.

Arnold Braat, Boardman, argued the cause and filed a brief *pro se.*

Before Denecke, Chief Justice, and Howell, Bryson, Lent, Linde, and Campbell, Justices.

PER CURIAM.

## PER CURIAM.

This is the second time that this proceeding involving a way of necessity to and from petitioner's land has been before this court. The previous appeal involved the question of whether petitioner's land constituted a farm under ORS 376.105 et seq. The trial court held that petitioner's land qualified as a farm and was therefore entitled to a way of necessity to and from the land. On appeal, we affirmed the trial court. 273 Or 795, 543 P2d 1071 (1975).

In the original proceeding, the trial court entered an amended judgment granting petitioner a "right of way" 30 feet wide. Subsequent to this court's decision affirming the trial court, it was discovered that there was an error in the description of the right of way. The trial court then entered a second amended judgment correcting the description. However, unlike the original judgment, the latter provided "that the petitioner *and the public* have a perpetual right of way * * *." (Emphasis added.) The defendants again appeal, contending that the last judgment in effect created a public road and constituted a taking of defendants' land without just compensation in violation of the constitution.

The statute, ORS 376.115, provides that orders granting the way of necessity shall "declare the road or gateway to be a public road or a perpetual right of way."

■■ We do not reach any constitutional issue because, at argument on appeal, the defendant landowners agreed that they would be satisfied if the judgment eliminated any reference to granting a public road and was restricted to granting a perpetual right-of-way to petitioner under the terms of the statute. The petitioner's only objection to this suggested change arose out of his lack of understanding of the legal meaning of a "perpetual right of way." He was concerned that if the gateway were restricted to a perpetual right of way, it would terminate on his death or upon a sale of the

[ 551 ]

property. Petitioner is incorrect. A perpetual right of way is an easement of perpetual use. Normally, such a right is not merely a personal one but, rather, one which is appurtenant to the land: a "burden upon the land of one for the benefit of another." *Shaw v. Proffitt,* 57 Or 192, 203, 109 P 584, 110 P 1092 (1910). The right is enjoyed by the owner of the dominant estate by virtue of his ownership of the land. If the dominant estate is sold or otherwise transferred to another, the easement over the servient land is transferred as well. *See, e.g., Cappelli v. Justice,* 262 Or 120, 496 P2d 209 (1972); *Steelhammer v. Clackamas Co.,* 170 Or 505, 135 P2d 292 (1943); *Parrott v. Stewart,* 65 Or 254, 132 P 523 (1913). It is clear that the legislature intended to express a similar idea by using the term "*perpetual* right of way."

■ The judgment of the trial court should be modified by granting to petitioner a perpetual right of way of ingress and egress. In all other respects, the judgment is affirmed.

Affirmed as modified.