Larry GARNER, an Individual, Appellant,

v.

Mickey R. JOHNSON, Douglas A. Strange, Joe Moren, C. D. "Pat" Webb, Robert Duren, Individually and Jointly as Members of the Board of Education of Independent School District No. 2 of Stephens County, State of Oklahoma; Board of Education of Independent School District No. 2 of Stephens County, State of Oklahoma; C. B. Ladd, Individually and as Superintendent of Education for Independent School District No. 2 of Stephens County, State of Oklahoma, Appellees.

No. 51552.

Supreme Court of Oklahoma.

Feb. 5, 1980.

Rehearing Denied April 21, 1980.

Fagin, Hewett, Mathews & Fagin, Arnold D. Fagin, Clifford A. Jones, Oklahoma City, for appellant.

Garvin, Bonney, Weaver & Corley, Henry C. Bonney, Duncan, Fenton, Smith, Reneau & Moon, Ronald L. Day, Oklahoma City, for appellees.

## ORDER

IRWIN, Acting Chief Justice.

It is ordered that the opinion of this Court filed and promulgated herein on June 26, 1979, and published in 50 O.B.A.J. No. 27, page 1419 be and the same is vacated and withdrawn and the opinion of this Court filed and promulgated herein and herewith this date be and it is substituted in lieu thereof and therefor.

WILLIAMS, Justice.

There has arisen in this appeal the question of whether the trial court properly sustained the motion of the Board of the Comanche school system (Board) for summary judgment, thereby holding that the contract of appellant, formerly a school principal in that district was "non-renewed" for the school year 1976–1977. We hold the trial court erred as explained hereinafter.

Appellant, Mr. Garner, had been employed in writing by its Board as principal

of the elementary and junior high schools of Independent School District No. 2 of Comanche, Stephens County, for the school year 1973–74 and his contract successively renewed for the next two years, 1974–75 and 1975–76.

The Board on February 3, 1976, by an oral vote taken on an oral motion voted to renew the employment contracts of all four of their school principals, including appellant for the year 1976–77. The Superintendent told appellant of this action and appellant expressed his pleasure at being ostensibly rehired and "accepted" reemployment.

Thereafter, on April 6, 1976, the Board met and a member moved that "upon recommendation of the Superintendent and due to the unprofessional conduct of and inability to control the conduct of the teachers in the Comanche Elementary School and due to the disruption in the teaching process caused by this lack of control" that "the contract with Larry Garner for the school year 1976–77 not be renewed and a notice of this non-renewal be sent by registered mail" to Mr. Garner on April 7th. The motion carried unanimously. Mr. Garner received the notice before April 10th and objected to his being "non-renewed."

Appellant, Mr. Garner as plaintiff, after purported, described "non-renewal" of his contract brought suit seeking reinstatement and damages. Defendants Board, District, members and superintendent (Board) in time moved for a summary judgment and plaintiff likewise moved for a partial summary judgment as to the issue of defendants' alleged liability. The trial court sustained defendants' motion and plaintiff Garner appeals.

A statute then in effect provided that the contract of a teacher automatically would be renewed unless the Board had notified him by April 10th he had not been re-employed or he had notified Board by April 25th he did not desire to be re-employed.[1]

One argument of several, advanced by appellant is that Board had adopted a

---

1. 70 O.S. 1971 § 6–101 E "E. A board of education shall have authority to enter into written

contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If,

school policy which had the effect of supplementing and expanding his rights as a school principal under his contract as expressed in the foregoing statute.

. A possible conflict in the evidence is discernible at this point. Board's answer to one interrogatory is of import that it at the times involved herein had in effect a policy suggested by the North Central Association of Schools such as appellant asserts but that it was applicable to the High School only.

Another answer appears to be of import that Board then admittedly had in effect a policy which in pertinent part then provided:

EMPLOYING SCHEDULE: Policy for the employing of superintendent, principals and teachers: . . . the principals to be notified in February . . ., relative to their retention or dismissal.

This Court recently had before it for consideration a case the facts of which with at least one important exception were quite parallel to those herein involved. In that case, *Cavett v. The Geary Board of Education,* 587 P.2d 991 (Okl.1978) we held a school superintendent who had had contracts for the same three years as Mr. Garner had had, did not have tenure despite the fact that on January 5, 1976, his Board had voted to renew his contract for the following school year, because no written contract was entered into, the Geary Board rescinded its action on April 5th and, in the absence of any policy rule such as may or may not be present in this case, timely notified Mr. Cavett by the date set in the statute,

April 10th, of non-renewal. Here it is alleged we have in effect the rule previously set forth.

In the case of *Melody Miller v. ISD $56 of Garfield Co.,* 609 P.2d 756 (Okl.1980), a case companion to this one, we have this date promulgated an opinion in which we have held that a Board of Education may by the adoption of rules not inconsistent with the statute, 70 O.S.1972 (now 1979) Supp. § 5–117,[2] enlarge a teacher's rights beyond the minimum requirements of 70 O.S.1971 Sec. 6–101 E, supra.

We there held the policy statement the Board had adopted was by implication included in Mrs. Miller's contract; that the Board apparently believing it was not bound beyond the terms of 70 O.S.1971 § 6–101 E to do more than notify Mrs. Miller on or before April 10th of non-renewal, did not comply with a rule that required the giving of reasons in writing for non-renewal and the affording of an opportunity for a hearing; and that plaintiff having alleged such matters the trial court should not have rendered a summary judgment against Mrs. Miller, the plaintiff in that case.

We determine that the rule of the *Miller* case may or may not be applicable here, depending on the facts, that is to say that Board allegedly had by policy rule, imposed upon itself the obligation to notify Mr. Garner on or before February 29th, 1976, of "non-renewal" of his contract and that it failed to do.

A motion for summary judgment properly may be sustained only if no ques-

---

prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis . . ."

2. 70 O.S.1972 (now 1979) Supp. § 5–117 states in pertinent part: "The board of education of each school district shall have power to elect its own officers; *to make rules and regulations,*

*not inconsistent with the law* or rules and regulations of the State Board of Education, *governing* the board and *the school system* of the district; *to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts;* . . . *to contract with* and fix the duties and compensation of . . . *teachers* . . . . Provided, further, the board of education of each school district *shall adopt and maintain* on file in the office of the superintendent of schools, and available to the public, an *appropriate personnel policy* and sick leave guide." (Emphasis added).

tion of material fact remains to be determined. *Perry v. Green*, 468 P.2d 483 (Okl. 1970). The trial court here erred in that upon examination of the Board's answers to interrogatories contained in the record we find a substantial controversy may exist as to whether plaintiff had alleged and on new trial will be able to show that the Board had adopted a school policy which supplemented and expanded plaintiff's rights under 70 O.S.1971 § 6–101 E, supra, and, in case it had done so, whether Board had available to it any lawful defenses such as a right under one of the same rules plaintiff asserts, to dismiss plaintiff under appropriately amended pleadings in case they are amended, etc.

In any event, it clearly appears to us the trial court erred in granting summary judgment for defendants and against plaintiff without at least giving plaintiff an opportunity to show that he was entitled either to summary judgment in his favor as to defendants' liability if the rule alleged was in force, or to introduce his evidence seeking to establish such a rule and defendants' liability pursuant thereto.

The trial court's judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

IRWIN, V. C. J., and HODGES, BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.