George L. **HAYES** and Dorothea M. Hayes, Petitioners-Appellants,

v.

**CITY OF LOVELAND, Colorado, a Municipal corporation, Respondent-Appellee.**

No. 82CA0059.

Colorado Court of Appeals, Div. III.

Sept. 2, 1982.

Chilson & Stanton, P. C., John H. Chilson, Loveland, for petitioners-appellants.

Randy L. Williams, Loveland, for respondent-appellee.

KELLY, Judge.

In this inverse condemnation suit against the City of Loveland, George L. Hayes and Dorothea M. Hayes seek damages based on the City's reconstruction of a power line running across an easement on the Hayes' property acquired by the City by prescription. The trial court granted the City's motion for summary judgment. On appeal by petitioners, we affirm.

The petitioners first argue that the new power line constitutes an increased and therefore compensable burden upon their land, and that they are entitled to damages to the remainder of their property. The petitioners concede that their property is subject to the City's easement, and they make no claim for compensation in connection with the original construction of the power line or use of the easement within its scope. *See Rogers v. Lower Clear Creek Ditch Co.,* 63 Colo. 216, 165 P. 248 (1917); *Enke v. City of Greeley,* 31 Colo.App. 337, 504 P.2d 1112 (1972).

The following facts are undisputed. At the time petitioners acquired the property in question, two power lines owned by the

City were in place and in operation and use upon the property. One of these lines carried 115 kilovolts of electricity, and consisted of three conductors placed on wood pole H-frame structures. In 1980, the City reconstructed the power line, removing the wood H-frame pole structure and installing a replacement steel pole. The steel structure is taller than the wood H-frame structure, and, although the voltage carried by the power line was not changed, three additional conductors were affixed to the steel pole. The steel pole occupies less physical space on the ground than the pole it replaced, and requires no additional land for its safe operation and maintenance.

To establish a de facto taking of their land, the owners of the servient estate must demonstrate that exceptional circumstances have substantially deprived them of the beneficial use and enjoyment of their property beyond the limits of the easement. *West Penn Power Co. v. Bruni,* 36 Pa. Commw. Ct. 116, 387 A.2d 1316 (1978). The owner of the dominant estate may do whatever is reasonably necessary for the enjoyment of the easement, including repairs, ingress and egress, with space therefor as exigency may show, provided the owner of the dominant estate does not unnecessarily inconvenience the owner of the servient estate and provided use of the easement is not expanded. *Shrull v. Rapasardi,* 33 Colo. App. 148, 517 P.2d 860 (1973); *see also Westland Nursing Home, Inc. v. Benson,* 33 Colo.App. 245, 517 P.2d 862 (1974).

In determining whether an additional use is permissible under an easement acquired by prescription, it is necessary to compare the use acquired with the additional use with respect to their physical character, their purpose, and the relative burden to the servient tenement. In addition, the needs arising from normal evolution in the use of the dominant tenement and the effect of this increase upon the servient tenement must be considered. *See Restatement of Property* §§ 478 and 479.

Here, it is uncontroverted that the reconstruction of the 115 kilovolt power line

was a normal and usual evolution and development for this type of power line. The reconstruction of the power line by the City is, therefore, a change in the degree of use, not the kind of use, and is within the scope of the easement which burdened the property at the time of the petitioners' acquisition. *See Minnkota Power Cooperative, Inc. v. Lake Shure Properties,* 295 N.W.2d 122 (N.D.1980); *West Penn Power Co. v. Bruni, supra; Humphries v. Georgia Power Co.,* 224 Ga. 128, 160 S.E.2d 351 (1968). There is no evidence in the record to support petitioners' contention that the burden on their servient tenement has increased. The trial court so ruled, and properly concluded that the petitioners have no right to compensation.

Alternatively, petitioners claim that their land abutting the easement has suffered compensable damage by reason of its proximity to the reconstructed power line and the impairment of view because of the taller pole and additional conductors. We find no merit in this argument.

In order to be entitled to recover damages based on a modification of a public improvement, it must be shown that the damages are different in kind, rather than degree, from the damages sustained by the general public. *Majestic Heights Co. v. Board of County Commissioners,* 173 Colo. 178, 476 P.2d 745 (1970); *Troiano v. Colorado Department of Highways,* 170 Colo. 484, 463 P.2d 448 (1969). We conclude, as did the trial court, that the petitioners have not met the tests of *Troiano.*

The record does not substantiate the petitioners' other arguments.

Judgment affirmed.

PIERCE and KIRSHBAUM, JJ., concur.