**J.N. WELLS, Appellant,**

v.

**Delphine WEBB, Appellee.**

**No. 68211.**

Supreme Court of Oklahoma.

April 18, 1989.

James O. Braley, Durant, for appellant.

Tim R. Webster, Durant, for appellee.

ALMA WILSON, Justice:

This case involves a section-line dispute. The parties are adjoining landowners. Appellee Webb's property is bordered on the south by a county section-line. That same county section-line runs through a portion of Appellant Well's property which is located west and south-west of Appellee's property. The dispute between these adjoining landowners developed as a result of a fence maintained across the parties' common section-line by Appellee Webb. Appellant sought to enjoin Appellee Webb from blocking the section-line as a means of egress and ingress to Appellant's forty-acre tract.

A trial was conducted and after the presentation of Appellant's evidence, the trial court sustained Appellee's demurrer to the evidence and rendered judgment for Appellee. The Court of Appeals affirmed. We granted certiorari to review the opinion of the Court of Appeals and now vacate that opinion and reverse the judgment of the trial court.

Title 69 O.S. 1981 § 1201 (effective April 24, 1975) is dispositive of this case. This statute reads in part:

All section lines in the state which are open and maintained by the Board of County Commissioners or the Department of Public Highways for public use are hereby declared public highways.

*All section lines that are not so open and maintained for public use may, by resolution of Board, on petition of the owner or all the owners of the abutting land, after public notice and at the expense of petitioner, be designated 're-served section lines'* and are in full and complete control of the owner or owners of the abutting land until such time as the Board of County Commissioners, by resolution, stating imminent intended use for public highway purposes and by nine-ty-day written notice to the owner or owners of the abutting land, revoke said 'reserved section lines' status. *Provided, however, that no section line may be placed in reserve status unless the full width of such section line is so treated and no fee owner shall be denied the right of ingress and egress to his land by virtue of this Act.* [Emphasis added.]

In the present case, the record reveals that the County Commissioners have never opened the section line. Furthermore, the record reveals that Appellee has made no attempt to comply with the statutory procedure, *supra,* to reserve the subject section-line to her own full and complete control. Owners of land abutting a section line may have the section line declared "reserved section line", only after public notice at the expense of the movant and subsequent resolution of the Board of County Commissioners. Moreover, although a failure to file the requisite petition for *full and complete control* of the section-line property does not automatically render such section-line property open to *undeclared public uses,* the plain statutory dictate is that no fee owner shall be denied the use of an abutting section-line for purposes of ingress and egress to his land. In the present case, Appellant's land is not entirely land-locked, but accessibility to the a portion of Appellant's forty acre tract is materially dependent [1] upon use of the subject section-line which in the past has served as a common roadway, though not a public highway. The testimony discloses that entry to this portion of the Appellant's tract is otherwise not possible in an automobile or even by tractor.

We conclude that the Court of Appeals erred in affirming the trial court's sustention of Appellee's demurrer to the evidence, allowing Appellee to fence off the subject section line as against an adjoining land-owner's use thereof as a material means of egress and ingress to abutting property. The opinion of the Court of Appeals is vacated and the trial court's judgment reversed and remanded for proceedings not inconsistent herewith.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, SUMMERS, JJ., concur.

HODGES and KAUGER, JJ., concur in result.

SIMMS, J., dissents.

---

**1.** In *Siegenthaler v. Newton,* 174 Okl. 216, 50 P.2d 192, 193 (1935), this Court held that the owner of land abutting upon a private highway, which is obstructed so as to cut off or materially interrupt his means of ingress and egress to and from his property, suffers a special injury, which entitles him to maintain an action to enjoin such public nuisance, *although another highway upon which his property abuts affords him another and equally good or better way of ingress and egress.* [Emphasis added.]