¶4 SUMMERS, C.J., HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

¶5 HARGRAVE, V.C.J., dissent.

*VOTE ON WITHDRAWAL OF OPINION FROM PUBLICATION:*

¶6 ALL JUSTICES CONCUR.

1999 OK 13

**Harlan CARROLL, Plaintiff/Appellant,**

v.

**AXELSON, INC., a Delaware corporation, Dresser Industries, a Delaware corporation, and Kelly Rauh, Defendants/Appellees.**

No. 91244.

Supreme Court of Oklahoma.

Feb. 22, 1999.

### *ORDER*

¶1 Certiorari is denied. Appellant's motion to tax costs is granted in part. One-half of the filing fee paid by Appellant, or the sum of $100.00 is assessed against the Appellee 12 O.S.1991 978.

¶2 As provided in Rule 1.36(c) of the Rules of the Oklahoma Supreme Court, the Appellant shall be allowed one-half of the costs, if reasonable, of copying and binding the record for filing in this Court. Upon remand the trial court shall determine the reasonableness of the costs.

¶3 The opinion of the Court of Civil Appeals in this matter is hereby withdrawn from publication.

1999 OK 11

**Samuel W. BURKHART and Viva Jo Burkhart, husband and wife, Appellants,**

v.

**Marion JACOB, Sherman Wyman, James Shepherd, Karolyn Shepherd, Appellees.**

No. 91527.

Supreme Court of Oklahoma.

Feb. 23, 1999.

Gregory L. Johnson, Bryan W. Morris, Ardmore, Oklahoma, for Appellants.

Marin E. Dyer, Ardmore, Oklahoma, for Appellees.

HODGES, J.

¶ 1 The issue in this case is whether the trial court properly granted summary judgment in favor of the defendants. We find that the trial court erred because a genuine issue of material fact exists making summary judgment improper.

## I. FACTS

¶ 2 This case arises from a dispute over the use of a section line road. Appellants/plaintiffs, Samuel and Viva Jo Burkhart (Burkharts), own land in Love County, Oklahoma on the south side of a section line road which separates sections 3 and 10. Appellees/defendants, Marion Jacob, Sherman Wyman, and James and Karolyn Shepherd, own a parcel of land to the north of the Burkharts' land on the north side of the section line road, and another parcel directly east of the Burkharts' land on the south side of the section line road.

¶ 3 At the northeast corner of the appellees' property, there is a metal gate across the section line road which is maintained by appellees. The gate is never locked, and the Burkharts have never asked for permission to use the road, nor have they ever been denied access to the road. The Burkharts have mainly gained access to their land by pickup truck along a dirt road which runs into the south edge of their land. The dirt road crosses the southwest corner of land owned by Charles Young, who is not a party to this suit. The Burkharts fenced off the corner of Young's property in 1981 and have used the dirt road without Young's objection since.

¶ 4 The Burkharts have used the section line road on certain occasions for ranching and personal needs. The Burkharts have entered into a sand and gravel lease agreement with Charles N. Davis III, for the purpose of mining sand and gravel from their property. They wish to improve the section line road to make it suitable for travel by heavy sand and gravel trucks to be used in the operation of a sand and gravel mine in accordance with the lease agreement. The appellees will not allow the Burkharts to improve the road for such a use, but have no objection to the Burkharts using the road for personal access.

¶ 5 After their demands to the appellees were not met, the Burkharts brought this action in the District Court for Love County alleging that appellees' gate denies them the right of ingress and egress to their property. The Burkharts sought an injunction. The District Court granted the appellees' motion for summary judgment finding that the Burkharts were not denied the right of ingress and egress to their land via the section line road within the meaning of section 1201 of title 69 of the Oklahoma Statutes.[1] The court reasoned that the land was not materially dependent on the use of the section line road and that the Burkharts were really asking that the section line be opened for public use. The Burkharts appealed.

## II. SUMMARY JUDGMENT

¶ 6 On appeal, summary judgment will be upheld when the record presents no genuine issues of material fact. *Garner v. Johnson,* 1980 OK 20, ¶ 14, 609 P.2d 760. All conclusions drawn from the evidentiary material are viewed in a light most favorable to the party opposing summary judgment. *Markwell v. Whinery's Real Estate Inc.,* 1994 OK

---

1. In the trial court, the Burkharts also sought for an injunction based on an easement by necessity. No facts were presented at trial to establish an easement by necessity, and the issue has not been preserved on appeal. *Reddell v. Johnson,* 1997 OK 86, ¶ 5, 942 P.2d 200, 202.

24, ¶ 12, 869 P.2d 840. Because a genuine issue of material fact exists, this case must be remanded for further proceedings.

### III. RIGHT TO INGRESS AND EGRESS

¶ 7 The main issue is whether the Burkharts have been denied the right to use the section line for ingress and egress. The Oklahoma Statutes provide that section lines opened and maintained by the Board of County Commissioners are public highways. Okla. Stat. tit. 69, § 1201 (1991).[2] Roads which are not opened may be reserved for private control by an abutting landowner upon a petition to the Board and after public notice is given to all abutting landowners at the petitioner's expense. *Id.* "No fee owner shall be denied the right of ingress and egress to his land by virtue of this Act.." *Id.* The Board of County Commissioners has not opened the road in dispute for public use nor have the parties attempted to designate the road as a reserved section line.

 ¶ 8 Whether the Burkharts have been prevented from using the section line road, depends on what is meant by "the right of ingress and egress" as used in section 1201 of title 69. The primary consideration in applying a statute is legislative intent. *Atkinson v. Halliburton,* 1995 OK 104, ¶ 16, 905 P.2d 772, 775. "The words of a statute will be given a plain and ordinary meaning, unless contrary to the purpose and intent of the statute as a whole." Okla. Stat. tit. 25, § 1 (1991); *Naylor v. Petuskey,* 1992 OK 88, ¶ 4, 834 P.2d 439, 441. The purpose of section 1201 is to prevent property from being landlocked so that it is useless. *See Braat v.*

*Aylett,* 273 Or. 795, 543 P.2d 1071, 1072 (1975).

¶ 9 In determining the plain and ordinary meaning of the term "ingress and egress", not only is the definition of the term pertinent but general rules applying to easements are relevant. *Beard v. Richards,* 1991 OK 117, ¶ 13, 820 P.2d 812, 816. The ordinary meaning of the term "ingress and egress" is "the right ... to enter, go upon, and return from the lands in question". Black's Law Dictionary 703 (5th ed.1979).

 ¶ 10 By the use of the term "ingress and egress", the Legislature has created an easement in general terms without specifics. When the terms of an easement are general and without restriction, the general rule is that a landowner may make any use of the easement so long as the use is "reasonably connected" with the use of the appurtenant land. *Birdsey v. Kosienski,* 140 Conn. 403, 101 A.2d 274, 278 (1953); 7 *Thompson on Real Property,* Thomas Edition § 60.04(a)(1)(iii) (David A. Thomas ed., 1994).

 ¶ 11 Under a general grant of an appurtenant easement, a landowner may make reasonable use of the easement which is necessary for the development of the dominant estate. *Hudson v. Lee,* 1964 OK 134, ¶ 13, 393 P.2d 515, 518. The use made by the dominant estate owner must not unreasonably overburden the servient estate. *Hayes v. City of Loveland,* 651 P.2d 466, 468 (Colo.Ct.App.1982); *Thompson on Real Property,* § 60.04(a)(1); *see Shell Pipe Line Corp. v. Curtis,* 1955 OK 212, 287 P.2d 681, 685.

---

**2.** Okla. Stat. tit. 69, § 1201 (1991), provides:

All section lines in the state which are opened and maintained by the board of county commissioners or the Department of Public Highways for public use are hereby declared public highways. All section lines that are not so opened and maintained for public use may, by resolution of board, on the petition of the owner or all the owners of the abutting land, after public notice and at the expense of petitioner, be designated "reserved section lines" and are in the full and complete control of the owner or owners of the abutting land until such time as the board of county commission-

ers, by resolution, stating imminent intended use for public highway purposes, and by ninety-day written notice to the owner or owners of the abutting land, revoke said "reserved section lines" status. Provided, however, that no section line may be placed in reserve status unless the full width of such section line is so treated and no fee owner shall be denied the right of ingress and egress to his land by virtue of this act. Whenever a section line is a boundary line between two counties, action by boards of county commissioners of both counties will be necessary to place a section line in "reserve status."

¶ 12 Whether or not a use is reasonable is a question of fact. The burden of proof rests with the party relying on the easement, in this case the Burkharts, to show that the rights granted by the easement are sufficiently extensive to justify the proposed use. *Irion v. Nelson*, 1952 OK ——, 207 Okla. 243, 249 P.2d 107. The reasonableness of the proposed use is determined by consideration of several factors: (1) the purpose of the easement, (2) the new use compared to the past use, taking into account the purpose of the land and the language granting the easement, (3) the physical character of the easement, (4) the burden on the servient land, and (5) any other relevant factors. *Hayes,* 651 P.2d at 468. Burdens on the servient estate include, among other things: (1) decreased property value, (2) increased noise and traffic or interference with the servient owner's peace and enjoyment of the land, and (3) physical damage to the servient estate. *See Shell Pipe Line,* 287 P.2d at 681; *Swensen v. Marino* 306 Mass. 582, 29 N.E.2d 15, 17 (1940).

¶ 13 The Burkharts rely on *Wells v. Webb,* 1989 OK 61, 772 P.2d 400, in support of their argument that the right to ingress and egress includes the right to improve the road and use it for commercial purposes. In *Wells,* the defendant, Webb, had constructed a fence across a common section line cutting off the plaintiff's ability to travel the road by motor vehicle. Wells sought to have the fence removed. The Court concluded that, "[t]he plain statutory dictate is that no fee owner shall be denied the use of an abutting section-line for purposes of ingress and egress to his land." *Wells,* 1989 OK 61, ¶ 4, 772 P.2d at 401. *Wells* does not support the Burkharts position because unlike the Burkharts, the defendant in *Wells* had completely blocked use of the section line by erecting a fence.

¶ 14 The present case cannot be resolved without first determining whether the proposed use of the section line road is reasonable. Because a genuine issue of material fact as to the reasonableness of the use is unresolved, summary judgment was improper.

## IV. ALTERNATE ROUTE OF ACCESS

¶ 15 The appellees argue and the trial court agreed that the Burkharts have an alternate route of access across the Young property and therefore, their land is not materially dependent on the use of the section line. The court concluded that because the land is not materially dependent on the section line, section 1201 of title 69 does not give the Burkharts a right use the section line for ingress and egress. This argument is without merit. The fact that the land in the *Wells* case was materially dependent on the section line is merely one factor that the Court considered in its decision. It does not create an additional element that must be satisfied in order for the statute to apply. Requiring the fee owner to show that his land is materially dependent on the section line is at odds with the "plain statutory dictate ... that no fee owner shall be denied the use of an abutting section-line for ... ingress and egress." *Wells v. Webb,* 1989 OK 61, ¶ 4, 772 P.2d at 401. Therefore, a finding that the Burkhart property is not materially dependent on the use of the section line does not resolve the issues. The fact that their land abuts a section line gives rise to the right to use the road for ingress and egress if the use is reasonable.

## V. ACT OF CONGRESS OF APRIL 26, 1906

¶ 16 The Burkharts also rely on Section 24 of the Act of Congress of April 26, 1906, § 24, 34 Stat. 137, 145, which provides that "in the Choctaw, Chickasaw and Seminole Nations public highways or roads two rods in width being one rod on each side of the section line, may be established on all section lines. . . . " The Act is supported by the Oklahoma Constitution which provides that the State of Oklahoma accepts all reservations and lands for public highways made under any grant, agreement, treaty or act of Congress. Okla. Const. art. 16, § 2. The Burkharts contend that the Act creates an automatic easement because purchasers of land take subject to a reservation of a public road along the section line and therefore, the road is public property open to public use.

¶ 17 While the section line is subject to the reservation created in the Act, action by the Board of County Commissioners is required to open the road for public use. The Boards of County Commissioners of various counties have "exclusive jurisdiction" over the designation, construction, maintenance and repair of all of the county highways and bridges. Okla. Stat. tit. 69, § 601 (1991); *Oldfield v. Donelson,* 1977 OK 104, ¶ 9, 565 P.2d 37, 40–41. Furthermore, the language of section 1201 of title 69 is conclusive that a section line cannot become a public highway without affirmative action by the appropriate Board of County Commissioners. The statute states that "[a]ll section lines in the state which are *opened and maintained* by the board of county commissioners or the Department of Public Highways for public use are hereby declared public highways." Okla. Stat. tit. 69, § 1201 (1991) (emphasis added). The road must be opened by the County Commissioners before it can become public. The Act of April 26, 1906 is a reservation of the right to open the road for public use. It does not automatically create a public road.

## VI. CONCLUSION

¶ 18 The Burkharts' right to use the section line road for ingress and egress is limited to any reasonable use that does not unduly burden Jacob's servient estate. Reasonableness is a question of fact. Because a material question of fact, the reasonableness of the use, is in dispute, summary judgment for Jacobs was improper. Therefore, the trial court's order granting summary judgment is reversed and this case is remanded for further proceedings.

REVERSED AND REMANDED.

¶ 19 SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, OPALA, KAUGER, WATT, JJ., concur.

¶ 20 ALMA WILSON, J., concurs in result.

¶ 21 SIMMS, J., dissents.

