2001 OK CIV APP 146

TRUSTEES OF THE CHARLES PAGE FAMILY CARE CHARITABLE REMAINDER ANNUITY TRUST, Plaintiff/Appellee,

v.

Howard SIEGEL & Rita M. Keim (now Siegel), Defendants/Appellants.

No. 95,003.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 24, 2001.

Certiorari Denied Nov. 6, 2001.

Jon E. Brightmire, Tulsa, OK, and Erwin D. Phillips, Sand Springs, OK, for Plaintiff/Appellee.

Steven K. Balman, Tulsa, OK, for Defendants/Appellants.

OPINION

GARRETT, Judge:

¶1 The Trustees of the Charles Page Family Care Charitable Remainder Annuity Trust (Plaintiff/Appellee or Trust) filed an application for a temporary order and an amended petition for injunction and damages seeking to enjoin Howard Siegel and Rita M. Keim, now Siegel (Defendants/Appellants or Siegels) from erecting and maintaining a

fence with a locked gate along a section line road. The section line is the boundary between the property of the parties, and the fence and gate prevented Trust from having ingress and egress to its real property. Siegels bought their real property abutting Trust's land, and shortly thereafter, they closed the section line road which had allowed access to Trust's property. In the petition, Trust alleged it had owned the land and used the disputed private section line road for over 15 years.

¶2 After a hearing, the court entered a temporary injunction which ordered and enjoined Siegels from interfering with the Trust's right to enter its property by means of the private road in question. In particular, Siegels were ordered to remove the gate on the private road and otherwise to refrain from restricting access to the Trusts' property. Siegels appeal.

¶3 The evidence revealed the road had not been "opened" by the County Commissioners and was not maintained by the county; Siegels bought their property, which included the road, in 1999; Siegels made improvements to their property and erected a gate across the road. Further testimony showed that Trust allowed hunters and "four-wheelers" on its land and the hunters and "four-wheelers" used the private road to reach Trust's land; Trust had leased the land to hunters for over 15 years. The section line road had not been placed in "reserve" pursuant to *69 O.S.1991 § 1201.* While it was not clear from the evidence how long the "four wheelers" had used the road, Trust had used it for 37 years.

¶4 Siegels contend the court erred in allowing an easement by prescription because they did not have the burden of proof to show the use of the road prior to 1999 was permissive, because that burden was upon Trust; and, since (Siegels say) the evidence showed the use of the road prior to 1999 was permissive. Therefore, Trust could not acquire an easement by prescription.

¶5 In *Wells v. Webb,* 1989 OK 61, 772 P.2d 400, the Supreme Court, interpreting *69 O.S.1981 § 1201* said: "the plain statutory dictate is that no fee owner shall be denied the use of an abutting section-line for purposes of ingress and egress to his land." This is true even if the landowner's tract is not entirely landlocked but is materially dependent upon use of the section line which, in that case, had served as a common roadway, although not as a public, maintained highway. In *Wells v. Webb,* entry to that portion of the tract was not otherwise possible by motor vehicle.

¶6 Here, the evidence showed the Trust had used the road for approximately 37 years and there had been no discussion regarding the use of the road. The burden of proof rests with the party relying on the easement, to show that the rights granted by the easement were sufficiently extensive to justify the proposed use. *Irion v. Nelson,* 1952 OK 331, 207 Okla. 243, 249 P.2d 107. Here, by entering its order, the trial court considered the reasonableness of the proposed use and allowed representatives of the Trust and hunters and "four wheelers" to access the Trusts's land. The trial court found that the use was reasonable for purposes of a temporary injunction. We agree.

¶7 The trial court's order was not against the clear weight of the evidence and was not contrary to established principles of equity. Therefore, it is not reversible. *Crain v. Hill Resources, Inc.,* 1998 OK CIV APP 193, 972 P.2d 1179.

¶8 AFFIRMED.

¶9 BUETTNER, P.J., concurs; HANSEN, C.J., dissents.