2011 OK CIV APP 40

**E.J. MAYES and Evelyn Mayes, Plaintiffs/Appellees,**

v.

**David WILLIAMS and Terry Williams, Defendants/Appellants.**

and

**David Williams and Terry Williams, Third–Party Plaintiffs/Appellants,**

v.

**Steve Mayes, Howard Royce and Bobby Mayes, Third Party Defendants.**

No. 107,135.

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 16, 2011.

912

Wayne Bailey, Bailey Law, PLC, Tahlequah, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, Judge.

¶1 Defendants David and Terry Williams appeal from an order of the district court enjoining them from denying access across their property to Plaintiffs E.J. and Evelyn Mayes. We find the case appropriate for summary affirmance pursuant to Oklahoma Supreme Court Rule 1.202, 12 O.S.2001, ch. 15, app. 1.

## DISCUSSION

¶2 Although much of the evidence produced at trial was conflicting, the dispositive facts in this case are clear. The Mayeses own property located south of property owned by the Williamses. The Mayeses seek access to their property across a section line pursuant to 69 O.S. Supp.2008 § 1201. That statute describes the manner in which section lines may be opened or reserved for roads and provides: "Nothing in this section shall deny a fee owner their right of ingress or egress to their land." Section 1201(C).

¶3 For more than fifty years, the Mayeses' have used a section line road abutting the Williamses' property to gain access to the north portion of their property.[1] There was substantial testimony that others had used the road as well and that at one point, there was a house at the end of the road near the Mayeses' property. Although the Mayeses have access to the south portion of their property, because of the terrain, this access does not provide access to the north portion of their property. After the Williamses bought their property in 2003, they blocked the Mayeses' access to the section line road. The Mayeses filed this suit seeking an order preventing the Williamses from denying their access to the section line road.

¶4 The Supreme Court's interpretation of section 1201 is dispositive:

C. Bart Fite, Fite Law Firm, Muskogee, Oklahoma, for Plaintiffs/Appellees.

1. The Williamses argue this road has not been "opened" and although that issue would be material if the Mayeses sought public access across this section line, whether the road has or has not been opened is not dispositive when access is sought pursuant to 69 O.S. Supp.2008 § 1201. *See Wells v. Webb,* 1989 OK 61, 772 P.2d 400.

[T]he plain statutory dictate is that no fee owner shall be denied the use of an abutting section-line for purposes of ingress and egress to his land. In the present case, Appellant's land is not entirely land-locked, but accessibility to the ... portion of Appellant's forty acre tract is materially dependent upon use of the subject section-line which in the past has served as a common roadway, though not a public highway.

*Wells v. Webb*, 1989 OK 61, ¶ 4, 772 P.2d 400, 401. As in this case, the road in *Wells* had not been previously opened by the County Commissioners. Further, the argument that the Mayeses have alternate methods of access, either through their own property or through property now owned by their son is without merit:

> The fact that the land in the *Wells* case was materially dependent on the section line is merely one factor that the Court considered in its decision. It does not create an additional element that must be satisfied in order for the statute to apply. Requiring the fee owner to show that his land is materially dependent on the section line is at odds with the "plain statutory dictate ... that no fee owner shall be denied the use of an abutting section-line for ... ingress and egress." Therefore, a finding that the Burkhart property is not materially dependent on the use of the section line does not resolve the issues. The fact that their land abuts a section line gives rise to the right to use the road for ingress and egress if the use is reasonable.

*Burkhart v. Jacob*, 1999 OK 11, ¶ 15, 976 P.2d 1046, 1050 (quoting *Wells v. Webb*, 1989 OK 61, ¶ 4, 772 P.2d at 401).

## CONCLUSION

¶ 5 The district court's decision in this case is fully explained in its Amended Findings of Fact and Conclusions of Law filed July 15, 2009. That decision is clear, comprehensive, well-reasoned, and fully supported by competent evidence. We have reviewed the record and the applicable law and find no abuse of discretion. Further, the district court's determination is not against the clear weight of the evidence. Finding no reversible error,

we affirm the district court's judgment pursuant to Oklahoma Supreme Court Rule 1.202(d) & (e), 12 O.S.2001, ch. 15, app. 1.

¶ 6 The Williamses' motion for appeal-related attorney fees is denied. The Mayeses' motion for appeal-related attorney fees is denied without prejudice to refiling based on a showing that they were entitled to attorney fees in the district court or otherwise entitled to appeal-related attorney fees. *See* Okla. Sup.Ct. R. 1.14(B), 12 O.S. Supp.2010, ch. 15, app. 1.

¶ 7 **SUMMARILY AFFIRMED UNDER RULE 1.202(d) & (e).**

BARNES, P.J., and WISEMAN, J., concur.