FRATER OKLAHOMA REALTY CORP. et al. v. ALLEN LAUHON HDWE. CO.

No. 34603.   Feb. 26, 1952.

Rehearing Denied July 15, 1952.

*245 P. 2d 1144.*

Keaton, Wells, Johnston & Lytle, Oklahoma City, and Frank Settle, Tulsa, for plaintiffs in error.

Elton B. Hunt and W. L. Eagleton, Tulsa, for defendant in error.

PER CURIAM. The parties to this action will be referred to in this opinion as they appeared in the trial court.

On January 26, 1948, Allen Lauhon Hardware Company filed its petition to quiet its title to the south 75 feet of lot three (3), block one hundred sixty two (162), in the city of Tulsa, Tulsa county, Oklahoma, and alleges the defendants are trespassing on the north wall of the building located on said premises, and asks for an order requiring defendants to remove any and all contact and physical connection of any kind they have with the north wall or the building situated on lot 3.

Defendants answer by general denial and specifically deny they are trespassing on the property of plaintiff, and claim an implied easement in the north wall of plaintiff's property. Issues were joined.

The material facts in this case are as follows: that lot three (3), block one hundred sixty-two (162) of the Original Townsite of Tulsa is a lot 100 feet wide north and south and 140 feet east and west.

On January 2, 1920, one James E. Duffey purchased the south 75 feet of lot 3, at which time there was a building on it, and still is. The defendants claim an implied easement on the north wall of said building. The plaintiff is now the owner of the south 75 feet of lot 3. On January 19, 1922, James E. Duffey became the owner of the north 25 feet of lot 3, which is now occupied by the Gem Theatre. Immediately north of lot 3 is lot 2, on which is located on a portion of said lot 2 and adjacent to lot 3 a building known as Kaybee Store building, and the lots on which it rests are now owned by the Frater Oklahoma Realty Corporation, one of the defendants herein. Dur-

ing the year 1929, a building was completed on the south portion of lot 2, adjacent to the north side of lot 3, by James E. Duffey.

That during 1929, James E. Duffey partially constructed a building on the north 25 feet of lot 3 by using the north wall of the Lauhon building, which is on the south 75 feet of lot 3, and the south wall of the Kaybee Store building, located on lot 2, for supports for the roof. This building on the north 25 feet of lot 3 had a solid steel and concrete roof and was partially completed for 20 feet back from the front. The front wall was only completed in skeleton form, and the back wall was incomplete. In such condition said building remained from 1929 until about July, 1933, a part of it being boarded up, and such building was not taxed as an improvement by the tax assessor, nor returned as such by the then owner. Said building was completed on or about July, 1933, to the alley.

While said property was in said condition, and on December 18, 1929, James E. Duffey and wife executed an ordinary Oklahoma form mortgage in favor of the Massachusetts Mutual Life Insurance Company on the south 75 feet of lot 3, which mortgage made no reference to any easement against said property in favor of the north 25 feet of lot 3, or the owner thereof.

On July 21, 1933, James E. Duffey began to complete the building which had been started in 1929 on the north 25 feet of lot 3. This building was completed in 1933 and is now known as the Gem Theatre building. Said building was completed without the knowledge or consent of the mortgagee, who had the mortgage on the south 75 feet of lot 3. Said building occupies all of the 25 feet and extends the full length of the lot. The roof of said building is attached to the walls of the two adjacent buildings. The Lauhon building on the south and the Kaybee Store building on the north.

There is a drain pipe which extends from the property of the defendant,

known as the Gem Theatre property, on the rear wall and over and against the rear wall of plaintiff's property, known as the Lauhon building, at the alley, which drain pipe is, to some extent, damaging the said end wall of plaintiff's property. The defendants also have on the front end of their building on Main street a sign board that extends over a portion of the front of plaintiff's building. The evidence does not show when the drain pipe or sign board were placed in position.

It is possible and practicable by the expenditure of a reasonable sum of money and labor and upon reasonable notice to detach the end walls and roof of said Gem Theatre building from said Lauhon building and to construct a separate wall and support for the south side and roof of said building. The drain pipe in the rear and the front sign board can also, with the expenditure of a slight sum of money and labor, be easily removed.

On October 9, 1936, the Massachusetts Mutual Life Insurance Company filed an action in the district court of Tulsa county against James E. Duffey and his wife, Grace F. Duffey, to foreclose their said mortgage on the south 75 feet of lot 3. The petition also prayed, in addtion for the foreclosure of said mortgage, that said defendants and each of them, be forever barred "from any lien, estate or interest or title" in and to said property, "and for such other and special relief as may be deemed proper."

The defendants entered their general appearance, and on December 2, 1937, a judgment of foreclosure in the usual form was entered. On January 4, 1938, said sale was confirmed, and on January 12, 1938, a sheriff's deed was issued to the Massachusetts Mutual Life Insurance Company, which was purchaser at sheriff's sale.

James E. Duffey continued to be the owner of the north 25 feet of lot 3 from January 19, 1922, until February 15, 1945, when he conveyed same to Mary M. Falletti; and through mesne conveyances, said property was, on the 10th day of July, 1946, conveyed to and became the property of the Frater Oklahoma Realty Corporation, which corporation is now the owner of the fee thereof.

The defendant Allied Theatres, Inc., a corporation, is the owner and holder of a ten year leasehold estate in and to said property from July 13, 1946.

The Phoenix Mutual Life Insurance Company has a mortgage interest in and to the north 25 feet of lot 3.

On February 28, 1945, James E. Duffey and wife executed a quitclaim deed to the Massachusetts Mutual Life Insurance Company for the south 75 feet of lot 3, to meet technical title requirements by purchaser at sheriff's sale.

On February 27, 1945, the Massachusetts Mutual Life Insurance Company, by limited warranty deed, conveyed the south 75 feet of said lot 3 to the plaintiff herein, who immediately notified defendants that plaintiff herein claimed all the north wall of the Lauhon building free and clear of any easement claims or rights of support, but plaintiff did offer to permit the use of the wall until such time as plaintiff should decide to rebuild or otherwise utilize the wall, which offer was declined by defendants, and this action was brought by plaintiff.

The case was tried to the court who found the plaintiff owned all the north wall of its building on lot 3 and said wall was all on lot 3, and that defendants had no implied easement in said wall or interest therein.

The court further ordered the drain pipe which extends from defendant's Gem Theatre property upon plaintiff's property to be removed by the defendant Frater Oklahoma Realty Corporation within 30 days from date of judgment.

The court further ordered, as a matter of equity but not as a legal right,

that the defendant Frater Oklahoma Realty Corporation shall retain and use the present north wall of plaintiff's building so long as the wall is permitted by the plaintiff, its successors or assigns, to remain in its present condition, to the extent that it is now being used by the Frater Oklahoma Realty Corporation. However, should plaintiff or its successor in title determine to alter, change or substantially repair, improve or rebuild said wall, it may do so by giving notice to owners and interested parties 60 days from date of service of notice to detach the building on the north 25 feet from the building on the south 75 feet of said lot 3.

The court further found that the other defendants had no rights in said wall and no privileges greater than those granted as a matter of equity to the Frater Oklahoma Realty Corporation. Costs were assessed against defendants. Motion for new trial was filed by defendants and overruled by the court, from which order the defendants appeal.

An easement is defined to be:

"An easement is a liberty, privilege or advantage without profit, which the owner of one parcel of land may have in the lands of another; or as conversely stated, it is a service which one estate owes to another, or a right or privilege in one man's estate for the advantage or convenience of the owner of another estate." 28 C. J. S. §1-a, p. 619.

The creation of an easement may ordinarily be created by deed or prescription. 28 C.J.S. p. 639.

In this case an easement is based on an implied grant or "way of necessity" and may be implied in favor of either a grantor or grantee, and we quote:

"Although the law does not favor the implication of easements it is generally held that easements may be created by implication in favor of a grantor or a grantee. Such implication can only be made in connection with a convey-ance. In view of the rule that a conveyance is to be construed against the grantor, the court will imply an easement in favor of the grantee more easily than it will imply an easement in favor of the grantor. Whether an easement arises by implication on a conveyance of real estate depends on the intent of the parties, which must clearly appear in order to sustain an easement by implication. In order to determine the intent the court will take into consideration the circumstances attending the transaction, the particular situation of the parties, and the state of the thing granted. No grant of an easement can arise by implication where there is an express contract relating to the matter." 28 C. J. S. §30, p. 686.

In Haas v. Brannon, 99 Okla. 94, 225 P. 931, this court approves the necessary requisities to create an easement by implication as follows:

"Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate: (1) a separation of the title; (2) that before the separation takes place, the use, which gives rise to the easement, shall have so long continued and so obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be necessary to the beneficial enjoyment of the land granted or retained."

19 Corpus Juris, §115, p. 922, lays down the rule that:

"No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it; its foundation rests in necessity, not in convenience. A party cannot have a way of necessity through the land of another, when the necessary way to the highway can be obtained through his own land, however convenient and useful another way might be."

In this case, each claims the burden of proof is on the other. This court has repeatedly held that one who alleges an implied easement must prove. Leeson v. Brooks, 199 Okla. 139, 184 P. 2d 762; Friend v. Holcomb, 196 Okla.

111, 162 P. 2d 1008; Thomas v. Morgan, 113 Okla. 212, 240 P. 735; Catterall v. Pulis, 137 Okla. 86, 278 P. 292.

The defendants claim an implied easement to use the north wall of the Lauhon building to support the roof of the Gem Theatre building. In order to prevail there must have been:

1. A separation of title. On December 18, 1929, when James A. Duffey and wife mortgaged the south 75 feet of lot 3 to Massachusetts Mutual Life Insurance Company, there was a separation of title. However, had Duffey retained an easement, he was foreclosed and barred therefrom by the foreclosure of the mortgage he had given and the matter is now res adjudicata.

37 Am. Jur. §1032, p. 343, states the rule as follows:

"The proposition is fundamental that a mortgagor has no power or authority, in the absence of an express delegation or reservation thereof, to affect or impair the lien of a mortgage."

Our court has repeatedly held: A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein. Wheeler v. Smoot, 183 Okla. 447, 83 P. 2d 186; Baker v. Leavitt, 54 Okla. 70, 153 P. 1099.

2. Before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show it was meant to be permanent. The evidence shows that during 1929 the skeleton of a building was erected on the north 25 feet of lot 3, and during the same year and on December 18, 1929, the Duffeys gave a mortgage on the south 75 feet of said lot, which was subsequently foreclosed. An abandoned partially completed building does not bring the defendants under the principle of law of the separation of title, that "Before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show it was meant to be permanent." Before the separation of the title, defendants had only used 20 feet of the north wall of the Lauhon building, and that use was temporary and that of a contractor's shop for a few weeks while building the Kaybee store building on its north, and the building had its front boarded up and its end was incomplete. It was an abandoned building of the depression years. Its use was not so long or continued and so obvious or manifest as to show it was meant to be permanent, and even if there was an implied easement for 20 feet, it could not ripen into an implied easement for 140 feet as now claimed by defendants.

If there was an implied easement, it must be necessary to the beneficial enjoyment of the land granted or retained. The evidence shows that it is both practical and possible, at no great expense, to detach the end walls and roof of the Gem Theater building from the Lauhon building and to construct end walls and side walls in the Gem Theater building.

Our court has cited this rule:

"No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it, * * * for the law is jealous of a claim to an easement and the burden is on the party asserting such a claim to prove it clearly." Thomas v. Morgan, 113 Okla. 212, 240 P. 735.

We have examined the findings of facts and conclusions of law of the trial court, as well as the evidence adduced at the trial, and find that the judgment of the trial court is fairly established by the evidence appearing in the record. We see no reason why the judgment of the district court should be disturbed, and seeing none, the same is hereby affirmed.

This Court acknowledges the services of Attorneys F. Hiner Dale, Wade H. Loofburrow, and C. E. Bailey, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.