Royce Dale JONES, Appellee,

v.

Paul WEISS, Teresa Weiss, Paul Hrbacek, and Vida Mae Hrbacek, Appellants.

No. 50057.

Supreme Court of Oklahoma.

Oct. 18, 1977.

Reed, Hurst & McNeil by Edd R. McNeil, Davis, for appellee.

Gibbard, Allman & Allman by Frank Gibbard, Sulphur, for appellants.

DAVISON, Justice.

In June of 1946, Robert L. Freeman, a resident of Murray County, died. At the time of his death, he was the owner of a tract of land located within Murray County. While the probate of Mr. Freeman's estate was in litigation, a portion of the land which had belonged to the deceased was sold to Phil and Glenda Cornell, who are not involved in this litigation, but who are remote grantors of appellant. For the sake of convenience, we will refer to the tract of land purchased by the appellants as the Weiss Ranch.

The portion of the deceased's land which was not conveyed to the Cornells is completely landlocked, being entirely surrounded by land originally owned by Mr. Freeman and by land of strangers. The heirs of Robert L. Freeman never made a conveyance of the remaining landlocked tract. However, that tract was sold to appellee in a tax sale conducted because of the heirs' failure to pay ad valorem taxes on the tract.

Appellee, the owner of the landlocked tract, brought an action in the District Court of Murray County, asking that court to recognize a way of necessity across the Weiss Ranch, which is north of and adjacent to the landlocked tract. The trial court issued an order recognizing a way of necessity. That order granted to the appellee and his wife and their lawful assigns of record, and their lawful invitees and licensees a way of necessity across the land of the appellants, the Weiss Ranch, in order that the landlocked tract might be used and enjoyed.

In issuing the order, the District Court found that the appellee had no means of ingress and egress to the land owned by him, other than by the way of necessity over the land of the appellants, and that the land of the appellants and appellee were originally owned and conveyed by R. L. Freeman. The court also found that the conveyance of a portion of the grantors' land which left the retained tract landlocked, created a right-of-way by necessity for the purpose of access to the landlocked tract, since there was no express agreement to the contrary.

Appellants, owners of the Weiss Ranch, appeal from the order of the trial court which recognized the existence of a way of necessity across their Ranch.

While recognizing that a right-of-way by necessity can be created by implication, when real property is conveyed, appellants argue that the intent of the parties to create a right-of-way by necessity must clearly appear from the transaction itself. In support of this proposition, appellants cite *Frater Oklahoma Rlty. Corp. v. Allen Laughon*

*H. Co.,* 206 Okl. 666, 245 P.2d 1144 (1952). This case is not supportive of the proposition, as the case involves the creation of an easement in the wall of a building claimed to have arisen by implication, and did not deal with the creation of a way of necessity.

Under the facts presented here, where the conveyor of land retained a landlocked portion, the law implies that a way of necessity was intended, *unless contrary intent is inescapably manifested.* The intent to create the easement is thus deemed to be shown by the type of transaction involved, and no other evidence is necessary to establish the intent of the parties to create a way of necessity. A succinct statement of this principle is found in Powell on Real Property § 410, which provides in part:

"When an owner of land conveys to another an inner portion thereof, which is entirely surrounded by lands owned by the conveyor, or by the conveyor plus strangers, a right of access across the retained land of the conveyer is normally found. Without such a finding the conveyed inner portion would have little use, * * *. Thus, *unless the contrary intent is inescapably manifested,* the conveyee is found to have a right-of-way across the retained land of the conveyor for access to, and egress from, the landlocked parcel. *Similarly, an easement by necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access.*" [Emphasis added and footnotes omitted]

The American Law Institute's Restatement of Property at § 476 g, discusses the same principle, stating in part:

"*If no use can be made* of land conveyed *or retained* without the benefit of an easement, *it is assumed that the parties intended the easement to be created.* This is true not only where it is claimed by the conveyor but also where it is claimed by the conveyee. It is assumed that the parties could not have intended that the land retained by the conveyor should be useless in his hands, though the assumption may not have too firm a

foundation in fact. *The inference as to intention which is made is influenced largely by considerations of public policy in favor of land utilization.*

\* \* \* \* \* \*

*If the necessity of an easement is such that without it the land cannot be effectively used, nothing less than explicit language in the conveyance negating the creation of the easement will prevent its implication.*" [Emphasis added]

In the case before us, the landlocked track was retained by the heirs, and the court, applying the above stated legal principles, found that the parties intended to create a way of necessity across the conveyed tract of land, the Weiss Ranch. As there is nothing in the instrument of conveyance to show a contra intent, we hold that a way of necessity by implication arose when the common grantors of the parties conveyed a portion of their land and retained the landlocked tract, which was later purchased by the appellees.

Appellants also assert that even if a way of necessity exists, the right to use the right-of-way does not extend to the assignees, licensees and or invitees of the appellee. In *Selvia v. Reitmeyer*, 295 N.E.2d 869 (Ind. 1973), the Court of Appeals of Indiana, Third District, ruled on a similar question. We adopt the rationale of that court. In that opinion, the court stated:

"Where a way of necessity or another form of easement is created in favor of a dominant tenement and a portion of the dominant tenement is transferred to a new owner, the new owner acquires a right to use the easement over the servient tenement. Annot., 10 A.L.R.3d 960 (1966), and cases there cited. However, the latter rule is subject to the following limitation as stated at 962 of 10 A.L.R.3d:

'As a general rule, if the increased or additional use or burden brought about by the subdivision of the dominant tenement materially burdens the servient estate, the courts will not allow the right-of-way easement to pass to the subsequent purchasers of the subdivided parts. *Whether or not the increased*

*or additional use would amount to an unreasonable burden is a question of fact.*'" [Emphasis added]

In the case before us, appellant argues that the burden upon his estate would be substantially increased, and that the burden would interfere with his ranching operations. Under the law stated above, the right to use the right-of-way passes to subsequent grantees of the dominant estate, unless undue burden is created. The question of whether an undue burden would be created was a question of fact, which in this case was tried to the court. On appeal from a judgment in an equity case, this Court will examine the record and weigh evidence, but will not disturb the trial court's judgment unless it is clearly against the weight of the evidence. E. g., *Matter of Woodward*, Okl., 549 P.2d 1207 (1976). The record before us does not demonstrate that the recognition of the way of necessity will necessarily create an undue burden upon the servient estate. Accordingly, we hold that the trial court's findings were not clearly against the weight of evidence, and we thus affirm the trial court's order.

Lastly, appellants argue that the trial court erred in ordering the following:

"That the defendants [appellant owners of the Weiss Ranch] have the right to select the route over their property to be used by the plaintiff and other persons named hereinabove, [appellee Jones and his assignees of record] and the said defendants may select a route that is least burdensome to them so long as they are reasonable in making said selection; that the plaintiff and other persons named hereinabove must use this right of way in a manner that is least burdensome to the defendants; that in the absence of any other reasonable route to be selected by the defendants, the route traveled across the lands of the defendants by the parties hereto, their attorneys and the undersigned Judge of the District Court on January 13, 1976, [a pasture road used for many years by the owners and employees

of the Weiss Ranch to reach remote pasture feeding areas and stock ponds] to the lands owned by the plaintiff is deemed to be a reasonable and proper right of way to be used by the plaintiff and other persons named hereinabove."

Appellants argue that if the plaintiff and all those whom the court order encompassed are permitted to follow the pasture road, it will take vehicular traffic through feeding areas where cattle bed down at night and past stock ponds where cattle tend to congregate, and would thus create an impossible condition for orderly ranching, and thus would create an undue burden upon the servient estate. Again, the question of whether an undue burden exists was a question of fact, and this Court on review will not disturb the trial court's ruling unless it is clearly against the weight of the evidence. Additionally, we note that appellants' argument is based upon the proposition that persons found to have a right-of-way of necessity across the Weiss Ranch have the ultimate decision as to the choice of the route. The record simply does not support that proposition. Thus, we affirm the action of the trial court.

Finding that the trial court did not err in recognizing a right-of-way of necessity, and did not err in finding that such right-of-way existed in favor of appellee, his assigns, invitees and licensees, and that the trial court did not err in setting forth the process for choosing the route to be used, we affirm the findings and order of the trial court.

AFFIRMED.

All the Justices concur.