OSCN Found Document:CHILDERS v. ARROWOOD

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CHILDERS v. ARROWOOD
2023 OK 74
Case Number: 119815
Decided: 06/20/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 74, __ P.3d __

 

 

RORY CHILDERS and EMMY CHILDERS, husband and wife, Plaintiffs/Appellees,
v.
JAMES ARROWOOD and JENNIFER, ARROWOOD, husband and wife, Defendants/Appellants.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III
HONORABLE DOUGLAS W. GOLDEN, TRIAL JUDGE 

¶0 The Childers purchased property in Creek County which did not have access to utilities. The Childers sought a utility easement across the Arrowoods' property pursuant to 27 O.S. § 6, arguing that "private ways of necessity" within 27 O.S. § 6 include utilities. The trial court granted the utility easement. The Court of Civil Appeals affirmed, noting that Oklahoma's public policy favoring land utilization would favor granting the Childers' requested utility easement. We hold that "private ways of necessity" within 27 O.S. § 6 include access to utilities that are necessary for the effective use and reasonable enjoyment of property.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
JUDGMENT OF TRIAL COURT AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS. 

Joseph V. Allen, LOEFFLER, ALLEN, & HAM, Sapulpa, Oklahoma for Plaintiffs/Appellees.

Harvey D. Ellis and Michael J. Gibbens, CROWE & DUNLEVY, a Professional Corporation, Oklahoma City and Tulsa, Oklahoma for Defendants/Appellants.

OPINION

ROWE, V.C.J.:

¶1 The issue presented is one of first-impression: What does "private ways of necessity" include, as provided in 27 O.S. § 6.

BACKGROUND

¶2 Rory Childers and Emmy Childers, Plaintiffs/Appellees, (the "Childers") are the owners of real property located in Creek County Oklahoma (the "Childers Property"). James Arrowood and Jennifer Arrowood, Defendants/Appellants, (the "Arrowoods") are the owners of real property to the west of the Childers Property (the "Arrowood Property"). Prior to 2008 the Childers Property was land-locked. The Childers' predecessors-in-interest obtained an express easement over the Arrowoods' predecessors-in-interest's property "for roadway purposes only."[1] The easement was filed of record in the office of the Creek County Clerk.[2]

¶3 The Childers purchased their property in 2020 with hopes to build a home but were informed by local utility providers that no utilities were connected to their property and no utilities would be connected absent an easement expressly granting authority to install utilities. The Childers filed a condemnation proceeding against the Arrowoods seeking a utility easement. After granting the Childers' Motion for Appointment of Commissioners and Determination of Just Compensation, the trial court held a hearing to determine whether the express easement obtained by the Childers' predecessor-in-interest included the right to a utility easement. The trial court found the existing easement did not include a utility easement but granted the requested utility easement reasoning that a utility easement is a reasonable necessity for the Childers to utilize their property. COCA affirmed the trial court's ruling and we granted certiorari.

STANDARD OF REVIEW

¶4 The issue before us is a legal question: what does "private ways of necessity" include, as provided in 27 O.S. § 6. Questions of law are reviewed by a de novo standard. Fanning v. Brown, 2004 OK 7, ¶ 8, 85 P.3d 841, 845. Likewise, legal questions involving statutory interpretation are subject to de novo review. Cole v. Josey, 2019 OK 39, ¶ 3, 457 P.3d 1007, 1009. De novo review involves a plenary, independent, and non-deferential examination of the issues presented. Benedetti v. Cimarex Energy Co., 2018 OK 21, ¶ 5, 415 P.3d 43, 45.

DISCUSSION

¶5 The Childers seek to condemn the Arrowood Property to obtain a utility easement pursuant to the eminent domain power granted to private persons in 27 O.S. § 6. The trial court granted the Childers' utility easement and COCA affirmed, finding "private ways of necessity" included a utility easement under Okla. Const. art. 2, § 23[3] and 27 O.S. § 6.[4] Specifically, COCA held a utility easement "is available under Oklahoma law and is consistent with Oklahoma's public policy favoring the utilization of land and prevention of rendering land useless."[5] COCA found 27 O.S. § 6 should be interpreted to include the requested utility easement, reasoning "if utilities are necessary for residential owners to make use of their land, Oklahoma's public policy would favor granting easements for such utilities."[6]

A. The Common Law Easement by Necessity and 27 O.S. § 6 Seek to 
Prevent Property From Being Land-locked and Rendered Useless.

¶6 The parties disagree as to the relationship between common law easements by necessity and 27 O.S. § 6. A common law easement by necessity requires a showing of several elements,[7] notably a common grantor. Generally, "where the conveyor of land retained a landlocked portion, the law implies that a way of necessity was intended, unless contrary intent is inescapably manifested." Jones v Weiss, 1977 OK 188, ¶ 7, 570 P.2d 948, 949. Conversely, 27 O.S § 6 authorizes landowners the ability to condemn another's property to obtain "private ways of necessity." This statutory private way of necessity is an alternative method to obtain a way of necessity when the elements of a common law easement by necessity do not exist. In effect, 27 O.S. § 6 eliminates the common law elements but requires just compensation and a showing of a present necessity.

¶7 The two meaningful distinctions between the common law easement by necessity and the statutory way of necessity are: (a) the statutory way of necessity requires compensation to be paid to the owner of the burdened property, and (b) the common law easement by necessity requires there to have been unity of title between the benefited and burdened estates that were severed. What the common law easement by necessity and the statutory way of necessity share in common is their underlying purpose--to prevent property from being land-locked and rendered useless.[8] Both ways of necessity, regardless of their differences, seek to allow land-locked landowners to have effective use and reasonable enjoyment of their property.

B. Neither a Showing of the Elements of a Common Law Easement by 
Necessity nor a Showing of a Public Purpose are Required by 27 O.S. § 6.

¶8 The Arrowoods request that we determine whether "private ways of necessity" pursuant to 27 O.S. § 6 require proof of the elements of a common law easement by necessity or proof of a public purpose. As noted above, the requirements of "private ways of necessity" differ from the requirements of a common law easement by necessity. The case before us does not concern a common law easement by necessity as the Childers are seeking "private ways of necessity" pursuant to 27 O.S. § 6. Therefore, the Childers were not required to show the elements of a common law easement by necessity to acquire the easement.[9]

¶9 The Arrowoods contend that absent a showing of the elements of a common law easement by necessity, 27 O.S. § 6 requires proof of a public purpose. Relying on Board of County Commissions of Muskogee County v. Lowery, 2006 OK 31, 136 P.3d 639, the Arrowoods argue that both the federal and Oklahoma constitutions forbid taking property for a "private benefit." Lowery, ¶ 9, n. 10, 136 P.3d at 645. Because Okla. Const. art. 2, § 23 and the Takings Clause of the Fifth Amendment of the United States Constitution prohibit the taking of property for a private purpose, the Arrowoods contend 27 O.S. § 6 requires proof of a public purpose.

¶10 In Lowery, Muskogee County initiated a condemnation proceeding pursuant to 27 O.S. § 5[10] for the purpose of acquiring a right-of-way easement for placement of three water pipelines, two of which would solely service a private electric generation plant, with the third pipeline servicing the residents of the rural water district not currently served. Lowery, ¶¶ 1-2, 136 P.3d at 642-43. The landowners argued that county's proposed taking was an unlawful taking of property for private use in violation of 27 O.S. § 5. County argued that the economic development of Muskogee County was a public purpose within the statute. On appeal, we analyzed 27 O.S. § 5 and Okla. Const. art. 2, §§ 23 and 24 to determine the meaning of "public purpose." We held economic development is not a public purpose within the statute. Id. ¶ 20, 136 P.3d at 652.

¶11 The Arrowoods' reliance on Lowery is misplaced. First, Okla. Const. art. 2, § 23 prohibits taking of property for a private purpose but specifically exempts "private ways of necessity."[11] Second, Lowery did not concern "private ways of necessity," rather it was a 27 O.S. § 5[12] action which explicitly requires proof of a public purpose. Lowery's facts and application of the law have no bearing on the analysis of the case before us. Section 6 concerns the taking of "private ways of necessity," which by definition is for a private purpose. It is illogical to require a public purpose for "private ways of necessity."[13] We find 27 O.S. § 6 does not require proof of a public purpose.

C. "Private Ways of Necessity" as provided in 27 O.S. § 6 Include Access
to Utilities That Are Necessary for the Effective Use and Reasonable
Enjoyment of Property. 

¶12 The question of what "private ways of necessity" include is a matter of first impression and concerns the interpretation of 27 O.S. § 6. Section 6 provides:

Any private person, firm or corporation shall have the power to exercise the right of eminent domain in like manner as railroad companies for private ways of necessity or for agriculture, mining or sanitary purposes.

The Arrowoods contend we should construe "private ways of necessity" to refer only to a passageway of ingress to and egress from land-locked property. Conversely, the Childers contend such a limited construction of "private ways of necessity" lacks support and numerous other jurisdictions have determined that utilities may be included within ways of necessity.

¶13 The Arrowoods rely upon two cases outside of this jurisdiction to support their interpretation. First, the Arrowoods cite Akin v. Four Corners Encampment, 179 P.3d 139 (Colo. App.2007). In Akin, the district court denied landowners, whose property contained a natural gas well, the ability to condemn a private way of necessity over neighbors' properties for a pipeline. The Colorado Court of Appeals affirmed the district court's ruling because Colorado's condemnation statute for private ways of necessity "[does] not authorize condemnation of an easement for a private way of necessity for the purpose sought by petitioners--to construct and maintain a natural gas pipeline and related connection equipment and facilities." Akin, 179 P.3d at 142 (Colo.App.2007). Second, the Arrowoods cite Brown v. McAnally, 644 P.2d 1153 (Wash. 1982). In Brown, the Washington State Supreme Court held that the state constitution and the condemnation statute for private ways of necessity declare a public policy against rendering land-locked property useless, such that "an owner or one entitled to the beneficial use of land-locked property may condemn a private way of necessity for ingress and egress in the ordinary sense of 'way,' i.e., a mere right of passage over land." Brown, 644 P.2d at 1158 (Wash. 1982).

¶14 State cases outside of this jurisdiction are not binding on this Court and will be treated only as persuasive authority.[14] Even so, Akin and Brown are distinguishable from the present case. The landowners in Akin did not seek to construct private utilities that were necessary for the effective use and reasonable enjoyment of land. Rather, the landowners in Akin sought to construct a natural gas pipeline for commercial use. And in Brown the condemnation statute for private ways of necessity included a definition of the term "private ways of necessity"--which is not true of 27 O.S. § 6.

¶15 To answer the question before us, we look to the text of 27 O.S. § 6. "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶ 17, 415 P.3d 521, 528. "It is presumed that the Legislature has expressed its intent in a statute's language and that it intended what it so expressed." Id. "Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed." Id. ¶ 18, 415 P.3d 521, at 528. (citations omitted). "The test for ambiguity in a statute is whether the statutory language is susceptible to more than one reasonable interpretation." Id. (citations omitted). In addition, we are guided by the general rule that "[c]onstitutional and statutory provisions relating to eminent domain must be strictly construed in favor of the landowner and against the condemning party." Carter v. City of Oklahoma City, 1993 OK 134, ¶ 12, 862 P.2d 77, 80.

¶16 The statute does not define "private ways of necessity" nor have we interpreted its meaning. Reading the statute in its entirety, it appears the Legislature intended for 27 O.S. § 6 to afford private persons the right to exercise eminent domain for purposes beyond ingress and egress to property. This is evidenced by the Legislature's allowance of a private person's right to exercise eminent domain not only for "private ways of necessity" but also "for agriculture, mining, and sanitary purposes." Moreover, 27 O.S. § 6 is complemented by Okla. Const. art. 2, § 23 which allows private property to be taken not only for "private ways of necessity" but also "for drains and ditches across lands of others for agricultural, mining, or sanitary purposes." The qualifying language "drains and ditches across lands of others" expands beyond ingress and egress exclusively.

¶17 Further evidence of the Legislature's intention to expand "private ways of necessity" beyond ingress and egress is the Legislature's deliberate plural use of "ways." Had the Legislature used the singular "way" we would be more inclined to read the statute as allowing for a way of ingress and egress exclusively. However, the deliberate use of the plural "ways" indicates the Legislature intended for a private person to establish as many ways as are necessary for the effective use and reasonable enjoyment of property.

¶18 In light of the text, we agree with the trial court that "private ways of necessity" include access to utilities if such utilities are necessary to have effective use and reasonable enjoyment of property. What is necessary depends on the nature of the property.[15] Today, the use of land requires physical access, but access is not necessarily the only necessity required to have effective use and reasonable enjoyment of property. In modern times, the effective use and reasonable enjoyment of property often requires access to utilities. To limit "private ways of necessity" to only mean a passageway for ingress and egress runs contrary the text and Oklahoma's public policy favoring land utilization.

¶19 Although the Childers Property is not physically land-locked due to the existing roadway easement acquired by the Childers' predecessors-in-interest, without access to utilities the Childers are nevertheless deprived of the effective use and reasonable enjoyment of their property. While 27 O.S. § 6 must be strictly construed in favor of the condemned landowner, it cannot be construed so strictly as to frustrate the purpose of the statute, as the cardinal rule of statutory construction is to give effect to the legislative purpose.[16] In light of the text of 27 O.S. § 6 coupled with Oklahoma's public policy favoring land utilization, we find that "private ways of necessity" include access to utilities that are necessary for the effective use and reasonable enjoyment of property.

¶20 Lastly, we read 27 O.S. § 6 in harmony with Okla. Const. art. 2, § 23. The meaning of language in a statute is construed by courts as internally consistent and externally consistent with the constitution, i.e., the meaning of the statute's language is construed so that it does not contradict either itself or the constitution. Young v. Station 27, Inc., 2017 OK 68, ¶ 18, 404 P.3d 829, 838. Okla. Const. art. 2, § 23 provides that "[n]o private property shall be taken or damaged for private use, with or without compensation," but expressly exempts "private ways of necessity" and "drains and ditches across lands of others for agricultural, mining, or sanitary purposes" from the public use requirement. Both Okla. Cost. art. 2, § 23 and 27 O.S. § 6 authorize the taking of private property for "private ways of necessity." Therefore, our finding that "private ways of necessity" include access to utilities is not contradictory of Oklahoma's constitutional provision allowing for the taking of private property for "private ways of necessity."

¶21 Left to be considered is whether the requested utility easement would place an undue burden on the Arrowood Property. Oklahoma law provides that the use made by the dominant estate must not unreasonably burden the servient estate. Burkhart v. Jacob, 1999 OK 11, ¶ 12, 976 P.2d 1046, 1050. Additionally, if the easement does not unreasonably burden the Arrowood Property, the trial court must determine the amount of just compensation.[17] These questions remain for the trial court.

CONCLUSION

¶22 Title 27 O.S. § 6 provides private persons the right to condemn property of another for "private ways of necessity." We find that "private ways of necessity" include access to utilities when necessary for the effective use and reasonable enjoyment of property. Whether the requested easement places an undue burden on the condemned landowner, and if not, the amount of just compensation, remains for the trial court to determine.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
JUDGMENT OF TRIAL COURT AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS. 

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich, Darby, and Kuehn, JJ., concur.

Combs, J., concurs in result.

FOOTNOTES

[1] In 2006, the Childers' predecessors-in-interest sought a private way of necessity across the Arrowoods' predecessors-in-interest property pursuant to 27 O.S. § 6. Following a trial on the merits, the trial court held that the Childers' predecessors-in-interest were entitled to a right-of-way by necessity because their property "[had] no reasonable means of ingress and egress to and from their property." Jones v. Ransom, 2008 OK CIV APP 44, ¶ 6, 184 P.3d 561, 562. The trial court's ruling was appealed. The Oklahoma Court of Civil Appeals affirmed the ruling of the lower court in Jones v. Ransom, 2008 OK CIV APP 44, 184 P.3d 561 and remanded the case to the trial court to determine the amount of just compensation. Before the trial court ruled on just compensation, the parties reached an agreement and dismissed all of their claims after the Arrowoods' predecessors-in-interest executed an express easement for "roadway purposes only" in the Childers' predecessors-in-interest's favor.

[2] Based on the Arrowoods' and Childers' predecessors-in-interest's previous litigation, the Arrowoods raised the doctrine of collateral estoppel or issue preclusion as a defense before the trial court. The Arrowoods argued that the trial court's 2006 grant of a right of way easement pursuant to 27 O.S. § 6 precluded the Childers from taking additional property for a utility easement by way of 27 O.S. § 6. The trial court found collateral estoppel did not apply because there was not a final judgment in the 2006 case. Because the parties failed to raise the issue of collateral estoppel on appeal before COCA or this Court, we may not consider it. "Issues not presented in the petition for certiorari may not be considered by the Supreme Court." Ok.Sup.Ct.R. 1.180(b).

[3] "No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law." Okla. Const. art. 2, § 23.

[4] "Any private person, firm or corporation shall have the power to exercise the right of eminent domain in like manner as railroad companies for private ways of necessity or for agriculture, mining or sanitary purposes." 27 O.S. § 6.

[5] COCA Op. ¶ 2.

[6] Id. ¶ 3.

[7] Generally, to show the existence of a common law easement by necessity, a plaintiff must prove the following elements: (1) unity of title; (2) conveyance of part of the land previously held under unity of title; and (3) a resulting necessity for access to the property at the time of its severance. Johnson v. Suttles, 2009 OK CIV APP 90, ¶ 9, 227 P.3d 664, 667. "The common law easement by necessity was based upon the implication of a grant of an easement by the owner of the servient estate when necessity of access to the dominant estate required it. Such a theory requires proof of a common grantor at one time of the two properties since the creation of such an easement is based upon the presumed intent of the grantor to convey a way as well as the property." Id. citing Franks v. Tyler, 1974 OK CIV APP 55, ¶ 4, 531 P.2d 1067, 1069.

[8] In Jones v. Weiss, 1977 OK 188, ¶¶8-9, 570 P.2d 948, 949-50, we quoted Powell on Real Property and the Restatement (First) of Property § 476, Comment (g) which discusses the public policy in favor of land utilization in the context of common law easements by necessity. By applying those legal principles, this Court acknowledged Oklahoma's recognition of the public policy of land utilization.

[9] In Franks v. Tyler, 1974 OK CIV APP 55, 531 P.2d 1067 (reversed on other grounds), the parties initiated a private condemnation proceeding pursuant to 27 O.S. § 6, but the issue was abandoned when the defense convinced the court that acquisition of a way of necessity by eminent domain under Okla. Const. art 2, § 23 and 27 O.S. § 6 required the same elements of proof as a common law easement by necessity. It was undisputed the elements were not present. COCA explained the difference between the statutory private way of necessity and the common law easement by necessity and correctly determined that the trial court erred in denying the condemnation proceeding. COCA explicitly held that "the right to condemn a way of necessity under constitutional and statutory provisions is an expression of public policy against landlocking property and rendering it useless . . . [s]uch a policy should not and does not depend upon whether there was ever a common owner of the dominant and servient estates." Franks, ¶ 9, 531 P.2d at 1070 (citations omitted).

[10] Any county, city, town, township, school district, or board of education, or any board or official having charge of cemeteries created and existing under the laws of this state, shall have power to condemn lands in like manner as railroad companies, for highways, rights-of-way, building sites, cemeteries, public parks and other public purposes. 27 O.S. § 5.

[11] "No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law." (emphasis added). Okla. Const. art. 2, § 23.

[12] "Any county, city, town, township, school district, or board of education, or any board or official having charge of cemeteries created and existing under the laws of this state, shall have power to condemn lands in like manner as railroad companies, for highways, rights-of-way, building sites, cemeteries, public parks and other public purposes." 27 O.S. § 5 (emphasis added).

[13] As noted by COCA in the parties' predecessors-in-interest's case in Jones v. Ransom, 2008 OK CIV APP 44, ¶ 19, 184 P.3d 561, 565, "[o]ther than the public policy which disfavors land-locked property, the taking of a 'private ways of necessity' is, by definition, for a private purpose. Consequently, the private purpose defense is not available in a private condemnation proceeding."

[14] Bishop v. Takata Corp., 2000 OK 71, ¶ 15, 12 P.3d 459, 464. (The parties relied on decisions from the Supreme Court of Minnesota and Texas as persuasive authority in support of their arguments).

[15] "Necessary" rights are not limited to those essential to enjoyment of the property, but include those which are reasonably required to make effective use of the property. . . What is necessary depends on the nature and location of the property, and may change over time. Access by water, while adequate at one time, is generally not sufficient to make reasonably effective use of property today. Land access will almost always be necessary, even though water access is available. Even in the case of remote recreational properties, where access has traditionally been by water, implication of servitudes for land access is justified, unless the parties clearly intended to deprive the property of land access rights.

Until recently, access for foot and vehicular traffic tended to be the only rights regarded as necessary for the enjoyment of surface possessory estates. However, the increasing dependence in recent years on electricity and telephone service, delivered through overland cables, justify the conclusion that implied servitudes by necessity will be recognized for those purposes. Whether access for other utilities and services has also become necessary to reasonable enjoyment of property depends on the nature and location of the property and normal land uses in the community. Restatement (Third) of Property (Servitudes) § 2.15 (2000).

[16] "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶ 17, 415 P.3d 521, 528.

[17] Prior to this appeal, the trial court appointed commissioners to inspect and value the Arrowood Property. The Commissioners filed a report determining just compensation totaled $7,500. Both parties filed written exceptions to the report. The trial court did not make an order either confirming or rejecting, nor did it order a new appraisement.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2008 OK CIV APP 44, 184 P.3d 561, 
JONES v. RANSOM
Discussed at Length

 
2009 OK CIV APP 89, 227 P.3d 664, 
JOHNSON v. SUTTLES
Cited

 
2009 OK CIV APP 90, 220 P.3d 1166, 
WILLBROS USA, INC. v. CERTAIN UNDERWRITERS AT LLOYDS OF LONDON
Cited

 
1974 OK CIV APP 55, 531 P.2d 1067, 
FRANKS v. TYLER
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1993 OK 134, 862 P.2d 77, 64 OBJ 3283, 
Carter v. City of Oklahoma City
Discussed

 
2004 OK 7, 85 P.3d 841, 
FANNING v. BROWN
Discussed

 
2006 OK 31, 136 P.3d 639, 
BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY v. LOWERY
Discussed

 
1977 OK 188, 570 P.2d 948, 
JONES v. WEISS
Discussed at Length

 
2017 OK 68, 404 P.3d 829, 
YOUNG v. STATION 27, INC.
Discussed

 
2018 OK 21, 415 P.3d 43, 
BENEDETTI v. CIMAREX ENERGY COMPANY
Discussed

 
2018 OK 23, 415 P.3d 521, 
ODOM v. PENSKE TRUCK LEASING CO.
Discussed at Length

 
2019 OK 39, 457 P.3d 1007, 
COLE v. JOSEY
Discussed

 
1999 OK 11, 976 P.2d 1046, 70 OBJ 647, 
Burkhart v. Jacob
Discussed

 
2000 OK 71, 12 P.3d 459, 71 OBJ 2388, 
BISHOP v. TAKATA CORP.
Discussed

Title 27. Eminent Domain

 
Cite
Name
Level

 
27 O.S. 5, 
Power to Condemn Lands
Discussed at Length

 
27 O.S. 6, 
Private Person, Firm or Corporation - Power to Exercise Eminent Domain
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA